UNITED STATES of America,
Plaintiff–Appellee,

v.

Daniel L. O'NEAL, Defendant–Appellant.

No. 90–3302.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 21, 1992.

Decided July 30, 1992.

Andrew B. Baker, Jr., Asst. U.S. Atty. (argued), Office of the U.S. Atty., Dyer, Ind., for plaintiff-appellee.

Kenneth H. Hanson (argued), Chicago, Ill., for defendant-appellant.

Before POSNER and MANION, Circuit Judges, and VAN SICKLE, Senior District Judge.*

VAN SICKLE, Senior District Judge.

FACTS:

In the fall of 1989, Susan O'Neal, the defendant's wife, left him and, despite his efforts to reconcile, made it clear that she intended to divorce him. In the evening of January 14, 1990, when Susan left the nursing home in Logansport, Indiana, where she was employed, the defendant and two companions forced her into a car. Then the defendant and one companion transported her across several state lines, intending to take her to California where the defendant thought he could effect a reconciliation. During part of the trip Susan was handcuffed and transported in the trunk of the car. Also, the handcuffs on her wrists and ankles were, for part of the trip, tied together. At Kimball, Nebraska, Susan was able to alert a motel manager who called police. Susan was rescued and the defendant and his companion were arrested. At his initial interview with the FBI the defendant claimed that Susan had handcuffed herself.

On January 19, 1990, a federal grand jury returned a two count indictment against defendant-appellant and his co-defendants. Count 1 charged the defendant and his co-defendants with conspiracy to kidnap, in violation of 18 U.S.C. § 1201(c).

Count 2 charged the defendants with kidnapping a person wilfully transported in interstate commerce, in violation of 18 U.S.C. § 1201(a). On February 14, 1990, the defendant plead not guilty to the charges.

Then, on March 13, 1990, the defendant moved for a determination of his competency to stand trial. He was committed to the Medical Center for Federal Prisoners. The examiner found him competent to stand trial and the examination report was filed with the court and distributed to counsel. At a subsequent pretrial conference, in response to a direct inquiry by the court, the defendant's counsel declared he had nothing further to offer with reference to the report, and the court then found the defendant competent to stand trial.

A plea bargain was struck with the United States Attorney whereby the defendant would plead guilty to Count 1, the government would dismiss Count 2 of the indictment at the time of sentencing, and the United States Attorney would recommend that the defendant be sentenced to a term in the low end of the guidelines range. On August 17, 1990, the defendant gave a statement wherein he said that while in Nebraska he tried to take the handcuffs off Susan, but she would not let him do so, thus explaining his earlier assertion that Susan handcuffed herself.

On July 27, 1990 the defendant entered his plea of guilty to Count 1. On September 25, 1990, the court sentenced the defendant. The court found the base offense level to be 24, under Guideline § 2A4.1, which was increased two levels for restraint of the victim under Guideline § 3A1.3, and two levels under Guideline § 3B1.1(c) for this defendant's role as a leader of the offense, for an adjusted offense level of 28. The court denied the defendant a two-point reduction for acceptance of responsibility. With a criminal history category of I, the applicable sentencing range is 78 to 97 months. The court sentenced the defendant to 78 months imprisonment, the low end of the applicable

* Hon. Bruce M. Van Sickle of the District of     North Dakota, sitting by designation.

guideline range, with a supervised release term of five years.

ISSUES:

The defendant raises three issues on appeal:

1. Did the trial court erroneously fail to conduct a hearing in accordance with 18 U.S.C. § 4241(e) and 4247(d), and thus prevent a fair determination of defendant's mental competency to stand trial?

2. Was defense counsel ineffective in that he did not push for a further hearing on the issue of defendant's capacity to stand trial, and develop as evidence the fact that the circumstances of the offense were "bizarre"?

3. Did the district court err in refusing to grant a two level downward departure for acceptance of responsibility?

DISCUSSION:

1. Competency, Failure to Conduct a Hearing.

■ Upon a motion by a defendant for a hearing to determine the mental competency of the defendant, the court shall grant the motion "... if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

18 U.S.C. § 4241(b) provides that the court may, prior to such hearing, order a psychiatric or psychological evaluation. In this case the court did so and, upon its receipt, shared the evaluation with both counsel. The evaluation showed the defendant to be oriented as to time, place and circumstance. His speech was coherent and relevant. His responses were appropriate to the situation. His responses to the tests were devoid of bizarre content. His intelligence score was average.

At the pretrial hearing the court gave the defendant a chance to supplement the psychiatrist's report, and he declined to do so. The statute, 18 U.S.C. § 4241, requires a hearing only where there is reasonable

cause to suspect that the defendant may be incompetent. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *United States v. Veatch*, 674 F.2d 1217 (9th Cir.1981). Defendant now argues that his behavior in the incident in question was so bizarre that, coupled with the fact that he had been in a mental institution some years before, the court had reasonable cause to believe that he was mentally impaired and should have ordered a hearing. This argument is not persuasive for several reasons. First, the court did, in effect, hold a hearing when he gave the defense a chance to supplement the report with further evidence. Second, the only expert evidence available created a reasonable belief that the defendant was competent to stand trial. Third, the assertions that the crime, alone, was so bizarre in nature as to demand further investigation of the defendant's competency to stand trial must yield to the reality that in that sense all crime is bizarre, and society must be able to inhibit criminal conduct.

In view of the psychiatrist's evaluation and the election of the defendant to present no further evidence, there is no showing that the court's conclusion as to competency is clearly erroneous, and it must stand. See *United States v. Garrett*, 903 F.2d 1105, 1117 (7th Cir.1990).

2. Ineffective Assistance.

■ O'Neal claims that his counsel's failure to object to the failure to hold a competency hearing amounted to ineffective assistance. To prevail on this claim defendant must show that his counsel's conduct was deficient and that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* also requires this court to accord a presumption of sound trial strategy, and to determine whether the result of the trial might have been different had there not have been professional error. *Id.* at 689 & 694, 104 S.Ct. at 2065 & 2068. O'Neal has not shown this court how the outcome might have been affected by a hearing. He has not shown any evidence that might have been proffered on his behalf, had a hearing

been held, except for the psychiatrist's report which found him competent. Therefore, he has failed to show prejudice.

3.  Downward Departure.

The pre-sentence report recommended that the court award a two level downward departure for acceptance of responsibility. The government resisted this recommendation and the court accepted the government's position. We review this decision for clear error. *United States v. Song*, 934 F.2d 105 (7th Cir.1991). O'Neal bears the burden of proving his entitlement to the reduction. *United States v. Camargo*, 908 F.2d 179 (7th Cir.1990). In fact, neither the defendant's letter to the probation officer purporting to accept responsibility, nor his written statement purporting to show acceptance of responsibility, recognized that he was at fault and responsible for the kidnapping and resultant batteries. If anything, his statement sought to blame the victim for the crime. On the record the defendant simply failed to establish any entitlement to the reduction.

Accordingly, the conviction and sentence is affirmed.

AFFIRMED.