96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Loren C. BAKKEN, Defendant-Appellant.
 No. 96-1641.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 6, 1996.
Decided Sept. 4, 1996.
 
 Before BAUER, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Loren Bakken appeals the 87-month sentence of imprisonment he received after pleading guilty to manufacturing and possessing destructive devices.
 
 I. Facts
 
 2
 Bakken, who made several pipe bombs and then detonated them, pleaded guilty before trial to one count of manufacturing and one count of possessing a destructive device in violation of 26 U.S.C. §§ 5822, 5861(f) and 5861(d). In his presentence report, pursuant to U.S.S.G. § 3E1.1, a three-point reduction in offense level was recommended for acceptance of responsibility, reducing Bakken's offense level from 23 to 20.
 
 
 3
 Between his plea hearing and his sentencing, Bakken, who was incarcerated at the Dane County Jail, wrote nine letters to a former girlfriend, Cheryl Curtis. In those letters, which Curtis turned over to the United States Probation Office, Bakken blamed Curtis for his apprehension and prosecution. Bakken stated repeatedly that he wished he had fled before being apprehended, that he would still have manufactured the pipe bombs, and that he would again do so in the future (except that his future efforts would be on a much larger scale). One letter contained apparent threats against Curtis, the prosecuting United States attorney, and anyone else who got in Bakken's way. The probation officer filed a special report under seal with the court, attaching the letters, in which he recommended that Bakken not be granted a reduction for acceptance of responsibility.
 
 
 4
 Bakken objected to the probation officer's recommendation. He also moved the district court to depart downward on the ground that Category History Category IV significantly overrepresented his prior criminal record.
 
 
 5
 The district court held that Bakken was not entitled to a reduction for acceptance of responsibility and declined to depart downward on the basis of his prior record. Bakken, who was sentenced the maximum imprisonment allowed for Base Offense Level 23 and Criminal History Category IV, appeals both of those decisions.
 
 II. Standard Of Review
 
 6
 "The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3782(e). District court sentencing decisions are to be reviewed under the unitary standard of "abuse of discretion," where "[t]he deference that is due depends on the nature of the question presented." Koon v. United States, 116 S.Ct. 2035, 2039 (1996). Great deference is due the district court's evaluation of acceptance of responsibility. See, e.g., United States v. Dvorak, 41 F.3d 1215, 1217 (7th Cir.1994); U.S.S.G. § 3E1.1, comment. (n. 5).
 
 III. Argument
 A. Aceptance of Responsibility
 
 7
 Sentencing Guideline § 3E1.1 allows a defendant who demonstrates acceptance of responsibility in a timely manner a three-level decrease in offense level. The commentary outlines relevant factors for this determination, including:
 
 
 8
 (a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct ...;
 
 
 9
 (b) voluntary termination or withdrawal from criminal conduct or associations;
 
 
 10
 (c) voluntary payment of restitution prior to adjudication of guilt;
 
 
 11
 (d) voluntary surrender to authorities promptly after commission of the offense;
 
 
 12
 (e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense; ...
 
 
 13
 U.S.S.G. § 3E1.1, comment. (n. 1). The factors are not exclusive.
 
 
 14
 Bakken argues that acceptance of responsibility is distinct from the concept of remorse. This court has stated, however, that "[w]hat the sentencing judge is to look for is a defendant's demonstration of 'genuine remorse,' or 'conscience.' " Dvorak, 41 F.3d at 1217. The trial court must "look beyond formalistic expressions of culpability and [ ] determine whether the defendant has manifested an acceptance of personal responsibility for his offense in a moral sense." United States v. Hammick, 36 F.3d 594, 600 (7th Cir.1994). Further, this court has identified a "fundamental principle underlying the acceptance of responsibility reduction, namely, that in the absence of evidence of sincere remorse or contrition for one's crimes, a guilty plea entered for the apparent purpose of obtaining a lighter sentence does not entitle a defendant to a reduction for acceptance of responsibility." Id.; see also United States v. Panadero, 7 F.3d 691, 694 (7th Cir.1993). The "effectiveness of a guilty plea may be undermined by 'conduct of the defendant that is inconsistent with such acceptance of responsibility.' " United States v. Morris, 76 F.3d 171, 175-76 (7th Cir.1996) (quoting U.S.S.G. § 3E1.1, comment. (n. 3)).
 
 
 15
 Bakken's letters are inconsistent with any genuine remorse and thus a true acceptance of responsibility. He blames Curtis for turning him in and for not warning him, and he laments the fact that he did not flee before the police caught him. He raves about causing more and bigger explosions. He is sorry he is in prison, and sorry for the effects that incarceration has on his life and his family, but he never says he is sorry for the conduct that put him there originally. He took no voluntary steps to separate himself from criminal activity or make amends for his actions. Additionally, the letters indicate that any expression of remorse would be designed to lighten his sentence.
 
 
 16
 "[A] defendant's conduct that is inconsistent with real acceptance of responsibility is an adequate reason for denying the downward adjustment." United States v. Gordon, 64 F.3d 281, 285 (7th Cir.1995), cert. denied, 116 S.Ct. 743 (1996). The court may properly consider any behavior of the defendant that is relevant to his acceptance of responsibility, United States v. Kirkland, 28 F.3d 49, 51 (7th Cir.1994), and the district court's finding that this conduct does not constitute acceptance of responsibility cannot be considered clearly erroneous. See United States v. O'Neal, 969 F.2d 512 (7th Cir.) (affirming denial of reduction for acceptance of responsibility where defendant refused to recognize that he was at fault and responsible for his crimes), cert. denied, 506 U.S. 1025 (1992).
 
 B. Refusal to Depart Downward
 
 17
 Where the district court recognizes its ability to make a downward departure but as a discretionary matter refuses to do so, this court lacks jurisdiction to review the district court's decision. United States v. Cureton, No. 95-2381, slip op. at 9 (7th Cir. July 16, 1996). Bakken may argue only that his sentence "was imposed in violation of law" or "imposed as a result of an incorrect application of the sentencing guidelines." United States v. Burnett, 66 F.3d 137, 139 (7th Cir.1995). By arguing that the district court's refusal to depart downward equals an incorrect application of the Guidelines, Bakken simply attempts to recharacterize an unreviewable decision. In reading the transcript it is clear that the district court knew it had the ability to depart but, for permissible reasons, chose not to exercise its discretion, and thus this court must decline Bakken's invitation to examine this aspect of his sentence.
 
 
 18
 AFFIRMED.