**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James E. SMITH, Defendant–Appellant.**

No. 02–2396.

United States Court of Appeals,
Seventh Circuit.

Submitted June 25, 2003.

Decided June 25, 2003.

Before BAUER, COFFEY, and EVANS, Circuit Judges.

## ORDER

James Smith was convicted after a jury trial of counterfeiting United States currency with intent to defraud, 18 U.S.C. § 471, and sentenced to 51 months' imprisonment. Smith filed a notice of appeal, but his lawyer now moves to withdraw because he believes that all grounds for appeal would be frivolous. *See Anders v.*

*California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's lengthy brief is facially adequate, and Smith has responded under Circuit Rule 51(b), so we confine our attention to the potential issues identified by counsel and Smith. *See United States v. Maeder,* 326 F.3d 892, 893 (7th Cir.2003) (per curiam); *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

■ Counsel and Smith both begin by exploring several potential arguments designed to overturn the conviction. Counsel first considers whether to argue that the district court should have held an evidentiary hearing to determine Smith's competence to stand trial. District courts are authorized to order competency hearings, even if the parties do not request one, if there is "reasonable cause" to believe that mental disease renders the defendant incompetent. 18 U.S.C. § 4241(a); *United States v. Graves,* 98 F.3d 258, 261 (7th Cir.1996). Smith, who is a Vietnam veteran, suffers from post-traumatic stress disorder. This diagnosis led the district court to order a psychiatric evaluation, 18 U.S.C. § 4241(b); *United States v. Grimes,* 173 F.3d 634, 635–36 (7th Cir. 1999)–which revealed that Smith was in fact competent.

Upon learning the results of this examination, Smith told the district court that he had no other evidence to present on the issue. The record therefore contains no basis for ordering a full-scale evidentiary hearing. *See, e.g., United States v. O'Neal,* 969 F.2d 512, 514–15 (7th Cir. 1992). Cause to order a preliminary psychiatric examination by itself does not oblige the district court to later order a hearing. *United States v. Downs,* 123 F.3d 637, 641 (7th Cir.1997). And we have said that it would be "pointless" to demand a full hearing on the heels of a mental examination that establishes the defen-

dant's competence. *United States v. Jones,* 87 F.3d 954, 955 (7th Cir.1996). So we agree with counsel that Smith would be unable to make a nonfrivolous argument that the district court should have ordered a competency hearing.

■ Counsel next considers whether to argue that the district court improperly admitted evidence of his prior convictions. Federal Rule of Evidence 609(a)(1) permits such evidence to be used to attack the defendant's credibility if its probative value outweighs its prejudicial effect. This is an assessment that rests within the district court's discretion. *United States v. Hernandez,* 106 F.3d 737, 740 (7th Cir.1997).

The district court in a well-reasoned memorandum concluded that evidence of Smith's prior convictions for forgery, robbery, burglary, and theft was admissible– but that evidence of his prior drug convictions was not. The court explained that the forgery conviction involved a crime of dishonesty and thus could be admitted regardless of its prejudicial effect. Fed. R.Evid. 609(a)(2). As for the other convictions, the court applied the multifactor balancing test identified in our cases, *United States v. Smith,* 131 F.3d 685, 687 (7th Cir.1997); *see also Rodriguez v. United States,* 286 F.3d 972, 983 (7th Cir.2002), and determined that the evidence at a minimum was admissible to show that Smith, in reeling off fake money, intended to commit a crime. We agree that Smith could not label these rulings an abuse of discretion, and thus conclude that the potential argument would be frivolous.

■ Counsel and Smith also examine whether to argue that the district court should have suppressed evidence underlying the charge. The evidence includes counterfeit bills seized from Smith along with his confession and the color copier used to make the phony money. We agree

that this potential argument also would be frivolous because the district court set a deadline for pretrial motions, and Smith did not move to suppress evidence by that date. *See* Fed.R.Crim.P. 12(c). Indeed, he never filed a motion to suppress, nor did he attempt to show good cause for failing to do so. The potential suppression issues identified by counsel and Smith accordingly would be waived. Fed. R.Crim.P. 12(e).

■ Next, counsel discusses the possibility of arguing that some of the phony notes introduced as evidence were not seized from Smith or his house. An objection along these lines was not made in the district court, so we would review the potential argument only for plain error. Fed.R.Crim.P. 52(b). Here officials established a chain of custody for the fake bills. And Smith presented no evidence to undermine that testimony. So the contemplated challenge indeed would be frivolous. *See United States v. Smith*, 308 F.3d 726, 739 (7th Cir.2002) (evidence kept in official custody is presumed to be authentic absent specific evidence of tampering); *United States v. Rivera*, 153 F.3d 809, 812 (7th Cir.1998) (same).

■ Counsel also looks at the district court's handling of several post-trial motions. First, counsel considers whether Smith could make a nonfrivolous argument that the district court wrongly denied his motion under Federal Rule of Criminal Procedure 29 for a judgment of acquittal. We would review the court's ruling de novo, *United States v. Brown*, 328 F.3d 352, 355 (7th Cir.2003), and agree that the potential argument would be frivolous. Smith among other things confessed that he had photocopied currency on his color copier and then tried to spend the fake bills at a store. This evidence, viewed in the light most favorable to the government, amply supports the conviction.

Counsel next considers the possibility of arguing that the district court should have granted Smith a new trial under Federal Rule of Civil Procedure 33. Smith twice sought a new trial—first in the motion for a judgment of acquittal filed by his trial counsel, and then again in a pro se motion submitted months later at sentencing. Smith's first request depended on his contention that the evidence was insufficient to sustain the conviction—a position that would be frivolous.

■ The second motion asserted ineffective assistance of counsel—not newly discovered evidence. That motion accordingly should have been brought within seven days of the jury's verdict. Only Rule 33 motions grounded on new evidence have longer, three-year, time limits. Fed. R.Crim.P. 33(b); *United States v. Cavender*, 228 F.3d 792, 802 (7th Cir.2000). We therefore agree with counsel that it would be frivolous to argue that the district court should have granted Smith's requests for a new trial.

■ The remaining subjects addressed by counsel concern sentencing. Counsel first considers whether to argue that the district court improperly adjusted upward for obstruction of justice. U.S.S.G. § 3C1.1. We would review this potential challenge for clear error. *United States v. Sims*, 329 F.3d 937, 2003 WL 21233566, at *5 (7th Cir. May 29, 2003).

The district court imposed the adjustment after concluding that Smith had lied intentionally at trial. The court observed that Smith had denied manufacturing any counterfeit notes, insisting instead that his cousin Isaac—who had died shortly before trial—had given him the fake bills. The judge found this testimony to be knowingly false, given that officers found the counterfeit in Smith's house along with the copier used to produce it. That view was

reasonable in light of the evidence, which would render frivolous any argument that the court committed clear error. *United States v. Frazier,* 213 F.3d 409, 416–17 (7th Cir.2000).

 Counsel also discusses the possibility of arguing that the district court should have granted Smith two downward departures. First, Smith asked the court to depart under U.S.S.G. § 5K2.13 on the ground that his psychiatric problems "significantly reduced his mental capacity." Second, he sought a departure under U.S.S.G. § 4A1.3 to align his criminal history category with his actual criminal background.

But in both instances the district court recognized that it had the authority to depart and declined to do so. With respect to § 5K2.13, the court observed that although Smith undoubtedly had a serious mental problem, the evidence did not show how his illness (as opposed to another factor like his drug addiction) drove him to commit the offense. And as for § 4A1.3, the district court explained that category VI in no way exaggerated the criminal background of someone like Smith, who already had nearly a dozen felony convictions. Because the court recognized its discretionary authority to depart, it would be frivolous to suggest that we could exercise jurisdiction to review the rulings. *See United States v. Albarran,* 233 F.3d 972, 978–79 (7th Cir.2000) (departure under § 5K2.13); *United States v. Williams,* 198 F.3d 988, 995 (7th Cir.1999) (departure under § 4A1.3).

Counsel finally considers whether to raise a claim of ineffective assistance of trial counsel, and in his Rule 51(b) response, Smith discusses several areas in which he believes that his trial lawyer was deficient. We agree with counsel, however, that the record is insufficient to evaluate the lawyer's performance. *See United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002). Smith nevertheless may be able to pursue his contentions in collateral proceedings where the record can be fully developed.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.