In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2519

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARTISE CHATMAN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 CR 877 — **Virginia M. Kendall**, *Judge.*

ARGUED SEPTEMBER 18, 2015 — DECIDED NOVEMBER 9, 2015

Before BAUER, KANNE, and ROVNER, *Circuit Judges.*

BAUER, *Circuit Judge.* Defendant-appellant, Martise Chatman ("Chatman"), pleaded guilty to one count of heroin distribution in violation of 21 U.S.C. § 841(a)(1), and the district court sentenced him to 160 months in prison and three years of supervised release. Chatman appeals this sentence. First, he argues that the district court improperly relied on inaccurate statements by the government regarding his criminal history. Second, he argues that the district court erred in imposing

certain conditions on his supervised release. We affirm the district court's sentence. However, we modify the district court's order by expunging a mental health evaluation that the court did not orally pronounce from the bench. But this does not require remand.

## I.  BACKGROUND

On December 20, 2012, a grand jury indicted Chatman on six counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1). The six counts stem from six separate, hand-to-hand transactions between Chatman and an undercover agent between December 23, 2011, and April 27, 2012. On August 29, 2013, Chatman pleaded guilty to Count Six of the indictment.

This plea marked Chatman's sixteenth criminal conviction since 1996. It is his third conviction for delivery of a controlled substance. He also has two convictions for possession of a controlled substance, one conviction for unlawful use of a weapon by a felon, one conviction for domestic battery, two convictions for driving under the influence of alcohol ("DUI"), and seven convictions for driving on either a suspended or revoked license.

At Chatman's sentencing hearing, when describing Chatman's criminal history, the government stated that Chatman had "several" possession of a controlled substance convictions and "several" DUI convictions. After hearing arguments regarding Chatman's criminal history, the district court assigned him 27 criminal history points under § 4A1.1 of the United States Sentencing Commission Guidelines Manual ("Sentencing Guidelines"). This criminal history score produced a Category VI criminal history designation. The district

court then matched this criminal history designation with the instant offense score of 29 (to which no party objected) to reach a suggested sentence of 151 to 188 months. The district court heard arguments regarding the 18 U.S.C. § 3553(a) ("§ 3553(a)") sentencing factors, and then sentenced Chatman to 160 months in prison and three years of supervised release. The court imposed various conditions for supervised release, which include refraining from "excessive use of alcohol," refraining from "excessive use of any narcotics," and having a mental health evaluation during supervised release.

In orally explaining its sentence from the bench, the district court cited the seriousness of the instant offense and Chatman's extensive criminal history. The district court called the instant offense—distribution of heroin—a "very aggravating factor" for Chatman's sentence. The court called heroin a "highly addictive and highly dangerous drug" that "consumes people's lives," and noted that Chatman's conduct evidenced "an ongoing pattern of behavior that is taking down the community."

The district court deemed Chatman's criminal history "very impressive" and noted he had a "constant revolving door in the criminal justice system." It noted the "significant variety" of his convictions and stated that Chatman's numerous revocations of supervised release "show[] … a pattern of disrespect for the law that increases over time." Compounding this "pattern of disrespect" was Chatman's apparent escalation in crime severity "from just drug distribution, to use of a weapon," to physical violence, as evidenced by a 2005 conviction for domestic battery. The court concluded its recitation of Chatman's criminal history by noting his "alcohol, drug, [and]

driving problem,"which the court deemed "more than a traffic offense." The court stated Chatman that this problem "risks the lives of others in the community once you put yourself behind the wheel when you are alcohol-inebriated or intoxicated in any way."

Chatman appealed this sentence.

## II. DISCUSSION

Chatman first claims that the government inaccurately described his criminal history at the sentencing hearing. Specifically, the government stated that Chatman had "several" DUI convictions and "several" drug possession convictions. In fact, Chatman had *two* DUI convictions and *two* drug possession convictions in his history. Chatman argues that the word "several" implies "more than two," and argues that had the government properly described his convictions, the district court would have classified his criminal history as Category V. We reject this argument, because the record supports the Category VI classification and because Chatman cannot show that the district court actually relied on the government's characterization of Chatman's drug possession and DUI convictions.

If a district court "selects a sentence based on clearly erroneous facts," it commits "significant procedural error." *United States v. Corona-Gonzalez*, 628 F.3d 336, 340 (7th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)) (internal quotations omitted). Such procedural errors are usually reviewed *de novo*, but because Chatman did not object to the alleged error at the sentencing hearing, plain error is the standard of review. *See Corona-Gonzalez*, 628 F.3d at 340. To

demonstrate plain error, a defendant must show that (1) the court committed error; (2) it was plain; (3) it affected the defendant's "substantial rights"; and (4) the court "should exercise its discretion to correct the error because it seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Durham*, 645 F.3d 883, 890 (7th Cir. 2011) (citing *United States v. Olano*, 507 U.S. 725, 732–35 (1993)). *See also United States v. Seifer*, 800 F.3d 328, 330 (7th Cir. 2015) (noting that "it's the defendant's burden to establish prejudice when review is for plain error").

Here, even assuming that "several" does mean "more than two"[1] and that this statement clearly contradicts Chatman's actual criminal history, the court committed no error. The record supported the Category VI criminal history designation and Chatman cannot show that the district court relied on the inaccurate statements.

The record supports the district court designating Chatman's criminal history as Category VI. If a district court sentences a defendant "based on a fact not supported by the record," it deprives that defendant of his "due process right to be sentenced on the basis of accurate and reliable information." *Corona-Gonzalez*, 628 F.3d at 343 (quotation and citation omitted). Here, the Presentence Investigation Report and both parties' sentencing memoranda accurately described Chatman's fifteen past criminal convictions. Notably, these docu-

---

[1] We accept Chatman's definition of "several" for the purpose of this argument, but do not comment on the precise meaning of the word. Judges, fond of words as we are, are not linguists or philologists, and we should not wade into such waters unless absolutely necessary.

ments state that Chatman had two drug possession convictions and two DUI convictions. Based on this information, the district court assigned Chatman 27 criminal history points, which is more than twice the amount necessary to trigger a Category VI classification. *See* Sentencing Guidelines § 4A1.1 (2013) (detailing the numbering system used to calculate the criminal history score)[2]; *id.* at § 5A (designating 13 criminal history points or more as Category VI).

The court accurately matched this Category VI designation with the instant offense level, noted the suggested sentence, and ultimately chose its sentence using the § 3553(a) sentencing factors. *See United States v. Kappes*, 782 F.3d 828, 837 (7th Cir. 2015) (describing the "two-part analysis" by which a court reaches its sentence, wherein the court first determines the sentencing range that the Sentencing Guidelines suggest and then determines the appropriate sentence for the individual defendant using the § 3553(a) factors); *United States v. Harper*, 766 F.3d 741, 746–47 (7th Cir. 2014) (noting the district court's discretion "to impose whatever sentence it determines to be appropriate" based on the § 3553(a) factors).

Chatman did not demonstrate that the district court relied on the government's oral description of Chatman's drug possession and DUI convictions at sentencing. A court demonstrates "actual reliance on misinformation" when sentencing if "the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the misin-

---

[2] Because the sentencing hearing was in June 2014, the district court would have used the 2013 Sentencing Guidelines.

formation before imposing sentence." *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) (quotation and citation omitted). In this case, the record does not demonstrate that the district court actually relied on the government misstatements in reaching its sentence; instead, the district court embedded any reference to either Chatman's drug possession or DUI convictions in the larger context of his extensive criminal and substance abuse history.

In its stated reasoning for the sentence, the district court made no explicit reference to these convictions. The court noted his "controlled substance convictions," but only focused on his drug *trafficking* convictions as opposed to his *possession* convictions. It also referenced Chatman's drug use, but under the umbrella of a broader "alcohol, drug, [and] driving problem" that "risks the lives of others in the community once [Chatman] puts [himself] behind the wheel." None of these statements evidence the court's reliance on the misstatements regarding Chatman's drug possession convictions.

The district court did reference Chatman's DUI convictions, but such references hardly rise to reliance that taints the ultimate sentence. The district court noted "a significant number of convictions based on these driving offenses, which include alcohol." But, as with the possession convictions, such reference was within the broader context of Chatman's "very impressive" criminal history with "varied convictions." The district court also referenced the "alcohol, drug, [and] driving problem," which the court held "was more than a traffic offense." These references do not differentiate between two and "more than two," and are subsumed into the larger context of Chatman's criminal and substance abuse history.

This case contrasts sharply with *United States v. Durham*, 645 F.3d 883 (7th Cir. 2011) and the unpublished *United States v. Perez*, 571 F. App'x 495 (7th Cir. 2014), on which Chatman relies. In those cases, the respective district courts clearly erred by describing a criminal history that did not exist. *See Durham*, 645 F.3d at 899 (finding plain error where district court stated that defendant had a "prior involvement with violent offenses," including gun use, when defendant had no prior convictions involving firearms); *Perez*, 571 F. App'x at 499 (finding plain error where district court mischaracterized defendant's criminal history by saying that the defendant had "prior involvement with violent offenses, with drugs and guns" when the defendant in fact had no prior firearm convictions).

Here, the district court made no statements that inaccurately described Chatman's criminal history. The district court did not say that Chatman had drug possession and DUI convictions when in fact he had none. Instead, he had two of each, and the court referenced general "controlled substance convictions," "driving offenses, which include alcohol," "a significant number of convictions based on these driving offenses, which include alcohol," and an "alcohol, drug, [and] driving problem." These statements all refer to convictions that the record supports.

Therefore, because the record supports Chatman's sentence, and the district court did not rely on the government's

"imprecise" description of Chatman's criminal history, the district court did not commit plain error that merits remand.

Second, Chatman argues that the district court's imposition of three conditions of supervised release—regarding alcohol use, use of controlled substances, and the need for two mental evaluations—was in error. Chatman argues that the vagueness of these conditions violates the standards for supervised release that we recently outlined in cases like *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014), *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), and *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015). We hold that the district court sufficiently explained each of these conditions. However, we do delete the district court's imposition of a second mental health evaluation.

Sentencing courts "have wide discretion in determining conditions of supervised release." *United States v. Adkins*, 743 F.3d 176, 193 (7th Cir. 2014) (quotation and citation omitted). We will not disturb a district court's conditions of supervised release "so long as they are appropriately tailored, adequately justified, and orally pronounced after proper notice." *Kappes*, 782 F.3d at 867. We review contested conditions of supervised release for abuse of discretion and uncontested conditions for plain error. *Id.* at 844. Here, Chatman did not contest these three conditions at sentencing, so we review them for plain error. *See Durham*, 645 F.3d at 890.

The district court appropriately tailored, adequately justified, and orally pronounced the conditions of Chatman's supervised release after giving him proper notice. It gave a rationale for each condition and connected each condition to

Chatman's instant conduct, criminal history, and substance abuse history. Absent is the utter lack of explanation and "fatal" vagueness that plagued the sentences in *Siegel, Thompson,* and *Kappes*. *See, e.g., Thompson*, 777 F.3d at 376–77 (referring to a problematic condition of supervised release as "fatally vague"). Here, the court offered a "simply worded" explanation for each condition that a reasonable person could understand. *See Kappes*, 782 F.3d at 848 (quoting *Siegel*, 753 F.3d at 717) (imploring that district courts "simply word[]" conditions because defendants and probation officers are often non-lawyers); *Adkins*, 743 F.3d at 193 (defining a vague condition as one where "no reasonable person could know what conduct is permitted and what is prohibited").

Chatman argues that, despite defining "excessive use" as "more than four drinks a day," the failure to define the word "drinks" renders the condition vague. We have stated that defining the quantity of drinks makes an alcohol condition clear. *See Siegel*, 753 F.3d at 715–16 (suggesting a definition of "excessive use of alcohol" as "consuming 15 drinks or more per week"); *Kappes*, 782 F.3d at 849 (repeating the *Siegel* definition of "excessive use of alcohol"). The court's condition was not vague; a reasonable person should know what constitutes a "drink." To mandate further explanation would infringe upon the wide sentencing discretion that the district court possesses.

Next, Chatman argues that the controlled substance condition is unclear because the court's written pronouncement contradicts the companion oral pronouncement. If an oral condition is in conflict with the court's later written condition, the oral judgment controls. *Kappes*, 782 F.3d at 862 (quotation

and citation omitted). However, if the later written condition "clarif[ies] the oral pronouncement" and is "not inconsistent with an *unambiguous* oral condition, we will uphold the written provision." *Id.* (quotation and citation omitted) (emphasis added).

Here, the court orally stated that Chatman should "refrain from excessive use of any narcotics." By itself, the oral pronouncement is ambiguous. *See id.* at 849; *Siegel*, 753 F.3d at 715–16 (holding that phrase "excessive use" without further description is unclear). However, the later written order clarifies this oral pronouncement by stating that Chatman "shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." The written order also states that Chatman "shall refrain from any unlawful use of a controlled substance." Both of these written conditions establish that "excessive use" means any illegal use or any use not prescribed by doctors. Because these written orders clarify the ambiguous oral pronouncement, we uphold the condition. *See Kappes*, 782 F.3d at 862.

Finally, Chatman argues that the court overstated his history of violence by requiring mental health evaluations and "participat[ion] in treatment with an emphasis on domestic violence, if necessary." However, the court connected this condition to Chatman's domestic battery conviction, where he "struck a woman in the face numerous times with a closed fist," as well as Chatman's "escalation" of criminal behavior from drug distribution to unlawful use of a weapon to domestic battery. Chatman argues that these convictions were remote, but the district court noted his continued criminal

behavior, such as the instant offense, and his tendency to recidivate. We find this explanation sufficient. *Kappes*, 782 F.3d at 867; *Adkins*, 743 F.3d at 193.

Chatman also notes that the district court only required one mental health evaluation at the oral pronouncement, but required two evaluations in the written conditions. Specifically, the district court required the additional mental health evaluation while Chatman was in the custody of the Bureau of Prisons. This is a contradiction, which the government itself acknowledges. Because the written condition contradicts an *unambiguous* oral condition, the oral condition controls. *Kappes*, 782 F.3d at 862. Thus, the district court's unpronounced written condition for a second mental evaluation was in error.

However, requiring this second evaluation is harmless error that does not necessitate remand. *See id.* at 854 (describing district court's error as "harmless" where defendant argued that condition was "redundant" given other conditions imposed). Instead we simply modify the district court's order by removing the requirement for a mental health evaluation of Chatman while in the Bureau of Prisons. *See United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010); *United States v. Munoz*, 610 F.3d 989, 997 (7th Cir. 2010).

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM AS MODIFIED the judgment and the sentence of the district court.