**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2017
Decided June 15, 2017

*Before*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-3184

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 CR 333 |
| JAIME AGUIRRE, | |
| *Defendant-Appellant.* | Harry D. Leinenweber, |
| | *Judge.* |

**O R D E R**

Jaime Aguirre pleaded guilty to using a dangerous weapon to assault a nurse who was on duty at her job with the Bureau of Prisons. *See* 18 U.S.C. § 111(a)(1), (b). He was sentenced to 100 months in prison. Aguirre has appealed, but his appointed lawyer, who also represented Aguirre in the district court, asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Aguirre to respond to counsel's motion, but he has not replied. *See* CIR. R. 51(b). Counsel's supporting brief explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve, and because the analysis appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel represents that Aguirre does not wish to challenge his guilty plea, and thus the lawyer appropriately does not discuss the voluntariness of the plea or the adequacy of Aguirre's plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first questions whether Aguirre could challenge the validity of the indictment because it is not signed by the foreperson of the grand jury, *see* FED. R. CRIM. P. 6(c), or by an attorney for the government, *see* FED. R. CRIM. P. 7(c)(1). But counsel rightly concludes that an appellate claim premised on the missing signatures would be frivolous. By pleading guilty Aguirre waived all nonjurisdictional issues arising before the plea. *See United States v. Adame-Hernandez*, 763 F.3d 818, 828 (7th Cir. 2014); *United States v. Perez*, 673 F.3d 667, 670 (7th Cir. 2012). Defects in an indictment, including failures to comply with Rules 6(c) and 7(c)(1), are not jurisdictional. S*ee United States v. Cotton*, 535 U.S. 625, 629–31 (2002); *United States v. Irorere*, 228 F.3d 816, 830–31 (7th Cir. 2000).

Counsel also considers and correctly rejects a challenge to the district court's determination that Aguirre was competent to understand the proceedings and to assist with his defense. *See* 18 U.S.C. § 4241. This potential argument relates only to Aguirre's sentencing, since the defendant has told counsel that he stands by his guilty plea, *see Konczak*, 683 F.3d at 349; *Knox*, 287 F.3d at 670–71, and there is no suggestion that Aguirre wasn't competent when he made that choice. As for Aguirre's competence to be sentenced, an appellate claim would be frivolous because three psychologists, including two chosen by Aguirre, concluded without contradiction that he was competent. Given the psychologists' uncontested findings, it would be frivolous to argue that the district court committed clear error in determining that Aguirre was competent. *See United States v. Moore*, 425 F.3d 1061, 1074 (7th Cir. 2005); *United States v. O'Neal*, 969 F.2d 512, 514 (7th Cir. 1992).

Counsel then evaluates whether Aguirre could argue that the district court committed significant procedural error at sentencing. In choosing a sentence of 100 moths' imprisonment—the low end of the guidelines range of 100 to 125 months—the district court explained that a "very important" factor was the need to protect the public from Aguirre. The judge said he had "gone through the presentence report" and observed that "for a long period of time"—since 2003—Aguirre had "endangered other people," including during a "bank robbery where he tried to blow heads off of people." What the judge was referring to is the probation officer's statement in the presentence report that Aguirre had brandished a toy gun and threatened to "blow your heads off" if

the people inside did not follow his orders. The judge later repeated that a guidelines sentence was "imperative" because of Aguirre's need for treatment and "the need to protect people." Aguirre did not object to the judge's misstatement about the bank robbery, so our review would be for plain error. S*ee United States v. Chatman*, 805 F.3d 840, 843 (7th Cir. 2015).

We agree with counsel that a claim about the district court's misstatement would be frivolous. We could not conclude on this record that the judge really thought, after reading the presentence report, that Aguirre had "tried" to kill bank employees and patrons with his toy gun. Instead, the judge's misstatement was an obvious slip of the tongue, which explains the absence of an objection from defense counsel. *See United States v. Schmitz*, 717 F.3d 536, 543–44 (7th Cir. 2013) (holding that judge's erroneous reference to a "fraud scheme" beginning seven years prior to the defendant's charged conduct was, in context, "merely an unfortunate slip of the tongue" because numerous documents, including the parties' sentencing memoranda and the presentence report, "indicated to the court that the charged scheme began" at the correct time); *United States v. Soto*, 48 F.3d 1415, 1423 (7th Cir. 1995) (affirming defendant's sentence despite "a mere human slip of the judge's tongue" because the district judge "possessed a clear and direct knowledge of the facts of the case that only a scrupulous review of the original trial record would produce"). In context, it is apparent that the judge meant to say that Aguirre had *threatened* to kill the robbery victims, especially given that the judge was speaking at the time about the content of the presentence report. That report accurately characterizes Aguirre's "gun" as a toy, the same description given by the parties in their sentencing memoranda. Moreover, when discussing the bank robbery the judge was focused on Aguirre's need for psychiatric treatment and his history of criminal conduct that endangered others, including the assault against the nurse in this case, a burglary during which Aguirre had threatened to cut the victim with a box cutter, a charge of disorderly conduct involving death threats, and an assault against a corrections officer while this case was pending. As counsel points out, the judge's misstatement did not affect Aguirre's offense level or criminal history category, and it's inconceivable that the judge selected a low-end sentence on the understanding that Aguirre had tried to kill people during the robbery. Because the misstatement did not affect Aguirre's substantial rights, counsel is correct that an appellate claim based on that issue would be frivolous.

Counsel lastly weighs an argument that Aguirre's sentence is substantively unreasonable. But as counsel recognizes, Aguirre's within-guidelines sentence is presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States*

*v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013), and counsel identifies nothing that would rebut that presumption.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.