**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 5, 2021
Decided October 18, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3505

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:19-cr-30034-SMY-4 |
| MANUEL GONZALEZ-SARABIA, <br> *Defendant-Appellant*. | Staci M. Yandle, <br> *Judge*. |

**O R D E R**

Manuel Gonzalez-Sarabia pleaded guilty (without an agreement) to conspiring to distribute and possess with intent to distribute four different controlled substances. 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced him to 210 months' imprisonment. He appeals the sentence, arguing that the court violated his due-process rights when it sentenced him based on information that he believes was inaccurate. His arguments are linguistic in nature: He contends (1) that it was incorrect for the government to say at the sentencing hearing that he distributed "several" drugs (he maintains there were only two), and (2) that the district court erred in rendering its

sentence when it said he committed multiple "crimes" (he says he committed only one). Because these references were merely imprecise descriptions of uncontested facts, we affirm.

A grand jury indicted Gonzalez-Sarabia on one count of conspiracy to distribute and possess with intent to distribute controlled substances. The government alleged that the conspiracy involved four controlled substances: methamphetamine, heroin, cocaine, and cocaine base. Gonzalez-Sarabia pleaded guilty to this single count.

During the plea hearing, the government provided a factual basis alleging that Gonzalez-Sarabia had completed multiple deliveries of two of the four narcotics— methamphetamine and heroin. When asked if he agreed with the factual basis for the plea, Gonzalez-Sarabia responded yes and later pleaded guilty.

In a presentence investigation report ("PSR"), the probation office specified that Gonzalez-Sarabia made three deliveries of those two controlled substances—totaling 19 pounds of methamphetamine and 1 kilogram of heroin. The report calculated a guidelines range of 180 to 210 months' imprisonment (based on a total offense level of 31 and criminal history category of V) and 10 years' supervised release.

The parties filed sentencing memoranda. The government, highlighting Gonzalez-Sarabia's involvement in distributing methamphetamine and heroin, recommended a 210-month sentence, the top of the guidelines range. Gonzalez-Sarabia argued that his hard childhood and current mental-health issues should result in a 180-month sentence, the bottom of the guidelines range.

The district court then conducted a sentencing hearing via video. After Gonzalez-Sarabia stated that he did not object to the PSR, the court adopted the PSR's factual findings and guidelines calculations. The government then reiterated that it sought a 210-month sentence based on Gonzalez-Sarabia's role in the drug trafficking. At first, the government told the court that Gonzalez-Sarabia distributed two types of drugs— methamphetamine and heroin. But the government went on to make a statement that forms the basis of this appeal, asserting that Gonzalez-Sarabia "was involved in delivering *several* types of drugs in large quantities." (Doc. 245, Sent'g Hr'g Tr. at 9 (emphasis added).) Defense counsel, in turn, repeated Gonzalez-Sarabia's request for a 180-month sentence.

The district court sentenced Gonzalez-Sarabia to 210 months' imprisonment and 10 years' supervised release. Addressing the sentencing factors set forth in 18 U.S.C. § 3553(a), the court commented on Gonzalez-Sarabia's multiple "crimes"—a remark that Gonzales-Sarabia also spotlights for this appeal:

> So, what we have here is Mr. Gonzalez-Sarabia being involved in and being convicted of trafficking and distributing a large quantity, as [the government] pointed out, of dangerous and illegal drugs into this community and this district; that this is not his first rodeo. He engaged in these *crimes* while on supervised release … .

(Doc. 245, Sent'g Hr'g Tr. at 14 (emphasis added).) Besides noting the seriousness of the offense, the court emphasized the need for deterrence (it was "clear that he was not deterred by … his prior incarceration") and to promote respect for the law (his disregard and disrespect for the law was "total"). The court concluded the hearing by asking Gonzalez-Sarabia if he wanted a further explanation of the court's reasoning for the sentence. He declined.

On appeal Gonzalez-Sarabia argues that the district court violated his due-process rights by sentencing him based on inaccurate information. He focuses on two comments at the sentencing hearing that, he maintains, were prejudicial misstatements. First, he points to the government's comment that he had been involved in distributing "several" types of drugs. The term "several," he contends, means "more than two," but the evidence showed that he distributed only two types of drugs—methamphetamine and heroin.

A convicted defendant has a due-process right to be sentenced based on correct facts. *United States v. Propst*, 959 F.3d 298, 304 (7th Cir. 2020). To challenge a sentence on this due-process ground, a defendant must show that (1) inaccurate information was before the court and (2) the court relied upon it. *United States v. Sanchez*, 989 F.3d 523, 546 (7th Cir. 2021). Because Gonzalez-Sarabia did not object to any statements at the sentencing hearing, our review is limited to plain error. *See United States v. Chatman*, 805 F.3d 840, 843 (7th Cir. 2015).

In a case raising a similar linguistic challenge, we determined that there was no error. In *Chatman*, the government said at the sentencing hearing that the defendant had "several" convictions for driving under influence and "several" for drug possession, when he in fact had only two of each. 805 F.3d at 842. We ultimately determined that the district court did not rely on the government's "imprecise" description. *Id.* at 845. Because the district court had focused on the broader context of the defendant's extensive criminal history (rather than a specific number of convictions), Chatman could not show that the court actually relied on any misstatements in reaching its sentence. *Id.* at 844–45; *cf. United States v. Miller*, 900 F.3d 509, 514–15 (7th Cir. 2018) (vacating sentence where district court relied on miscounting of number of defendant's prior felony convictions). As in *Chatman*, Gonzalez-Sarabia cannot show that the district

court here relied on any distinction between "several" and "two" regarding the number of his convictions. Rather, dispositive to the court's reasoning was Gonzalez-Sarabia's involvement in "trafficking and distributing … dangerous and illegal drugs."

In any event, "several" does not necessarily mean "more than two." Gonzalez-Sarabia's only support for his preferred definition is one online dictionary and language from our opinion in *Chatman* that he quotes out of context. We specified in *Chatman* that we were merely "assuming that 'several' does mean 'more than two.'" 805 F.3d at 844.[1] The government counters that alternative definitions are readily gleaned through other internet dictionaries. Regardless, these arguments do not "cut the mustard, because dictionaries reveal a range of historical meanings rather than how people use a particular phrase in contemporary culture." *TE-TA-MA Truth Found.—Family of URI, Inc. v. World Church of the Creator*, 297 F.3d 662, 666 (7th Cir. 2002).

The second comment that Gonzalez-Sarabia seizes upon is the district court's statement that he had committed multiple "crimes." Gonzales-Sarabia points out that he was charged with, and convicted of, only a single crime—conspiracy to distribute and possess with intent to distribute controlled substances. He argues that the court violated his right to due process by holding him responsible for more criminal conduct (*i.e.*, distributing narcotics or possessing them with intent to distribute) than that to which he pleaded guilty.

But Gonzalez-Sarabia *did* commit multiple crimes during the conspiracy to which he pleaded guilty. As the government points out, the underlying deliveries of methamphetamine and heroin—for which he was not charged—are separately chargeable crimes, *see, e.g.*, *Iannelli v. United States*, 420 U.S. 770, 777 (1975); *United States v. Bailey*, 510 F.3d 726, 735 (7th Cir. 2007), that may be considered by a sentencing court if proven by a preponderance of the evidence, *see United States v. Jenkins*, 850 F.3d 912, 922 (7th Cir. 2017). After Gonzalez-Sarabia neither objected to the PSR's contents nor requested any alterations, the district court accepted the PSR's findings, which detailed how he had successfully distributed methamphetamine and heroin. Because Gonzalez-Sarabia did not dispute the accuracy of the PSR, the district court was entitled to consider the information contained within it. *See id.*

AFFIRMED

---

[1] We elaborated in a footnote that we did not purport to define "several": "We accept *Chatman*'s definition of 'several' for the purpose of this argument, but do not comment on the precise meaning of the word. Judges, fond of words as we are, are not linguists or philologists, and we should not wade into such waters unless absolutely necessary." *Id.* at 844 n.1.