In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3060

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EMMETT PAIGE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:07-cr-00402-1—**James B. Zagel**, *Judge.*

ARGUED JUNE 3, 2010—DECIDED JULY 6, 2010

Before MANION, EVANS, and SYKES, *Circuit Judges.*

EVANS, *Circuit Judge.* Emmett Paige appeals arguing that his 96-month sentence is too long. He says the district judge failed to adequately address his arguments for a shorter term. It's an odd argument, considering that the PSI, accurately it would appear, pegged Paige's guideline range at 151-188 months. Instead of that range, the judge acceded to the parties' request and used a range of 87-108 months, one that was negotiated by the parties in Paige's plea agreement.

The facts are simple. Over a sixteen-day period in June of 2007, Paige robbed four banks, each in a different small community just outside of Chicago. He hit one in Burbank, followed that up eleven days later with one in Westmont, and then hit two, one in Countryside and one in Addison, over the next five days. All four robberies went down the same way—Paige entered a bank and gave a demand note to a teller that said something like, "This is a stick up, give me all the money or I'll shoot." In each robbery, he received cash and fled. His scores were $8,741, $5,755, $4,924, and $2,520 for a grand total of $21,960. His spree came to a halt after his getaway car (driven by a co-defendant, James Jennings) went into a ditch while being pursued by Addison police officers after the fourth bank was hit.

On appeal, Paige argues that the sentencing judge erred by failing to adequately address his difficult family background, the steps he took to further his education and vocational skills while incarcerated, his history of mental and emotional health problems, and his addiction to gambling and illegal drugs. While the judge did not directly state how each of these items factored into the sentence, he did not ignore them. He talked about Paige's difficult family background. He recommended that Paige serve his time in a prison where he could train to become a chef. He also recommended that Paige participate in a residential drug treatment program while in prison. Upon Paige's release, he mandated that Paige participate in mental health treatment and attend gamblers anonymous meetings.

Even if the judge did not adequately address these arguments, we regularly affirm sentences where the district judge does not explicitly mention each mitigation argument raised by the defendant. *See, e.g.*, *United States v. Brock*, 433 F.3d 931, 936 (7th Cir. 2006) (district court was not required to address arguments about military service and difficult childhood when it gave adequate reasons supporting its sentence); *United States v. Newsom*, 428 F.3d 685, 687-88 (7th Cir. 2005) (district court was not required to specifically address defendant's depression, alcohol abuse, and work history). Indeed, sentencing judges must only demonstrate meaningful consideration of § 3553(a) factors. *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). Here, the judge's discussion of Paige's difficult childhood and previous convictions, along with his comment that Paige "does not easily learn a lesson," make it clear that he gave meaningful consideration to § 3553(a) factors. And on top of that, considering how long sentences are in other cases in federal court, we think a term of only 96 months for four bank robberies, the last ending in a violent chase, was a bargain for Mr. Paige.

For these reasons, the judgment of the district court is AFFIRMED.