**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 6, 2010
Decided October 13, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 10-2056

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Eastern |
| *Plaintiff-Appellee,* | District of Wisconsin. |
| *v.* | No. 2:09-cr-00091-CNC-4 |
| ALBERTO E. RODRIGUEZ, | Charles N. Clevert, Jr., |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Alberto Rodriguez pled guilty to conspiring to distribute marijuana, *see* 21 U.S.C. §§ 846, 841(a)(1). He was sentenced to a term of 37 months' imprisonment. He argues on appeal that the sentence is unreasonable because the district court failed to respond to his argument that he should have only been sentenced to serve 8 days followed by a 4-year term of supervised release.

For more than two years, Rodriguez and three codefendants ran a marijuana-distribution scheme. Rodriguez's task was to wire money to a wholesaler in Texas; his codefendants would then drive to Texas from Wisconsin to retrieve the drugs. Rodriguez received a share of the product, which he sold out of his apartment. After being arrested, he told the government what he knew about the operation, which earned him a reprieve from the statutory minimum sentence of 5 years' imprisonment. *See* 18 U.S.C. § 3553(f); 21 U.S.C.

§ 841(b)(1)(B); U.S.S.G. § 5C1.2(a).  With the mandatory minimum out of the way, his advisory guideline range was 37 to 46 months.

At sentencing, defense counsel painted a portrait of a determined young man who, since succumbing briefly to the temptation of the criminal underworld, pulled himself together and was making significant strides toward a respectable life.  Highlighting Rodriguez's compliance with the conditions of pretrial release, counsel noted that his client cooperated with the government after being arrested.  He had become "a valued employee" at a local carwash and was planning to earn a business degree and open up a coffee shop.  And should the lure of illegal drugs cause Rodriguez to stumble on his way, he would have to contend with his sister, an ex-Marine who had moved into his spare bedroom to "keep[] an eye on him."  Sending Rodriguez off to prison, counsel argued, would merely derail his progress and jeopardize his potential.

The district court rejected Rodriguez's plea for what would be rather extreme leniency and sentenced him to 37 months.  The judge noted Rodriguez's minimal criminal history by observing that he had "not engaged in a life of crime."  Yet the judge was troubled by the fact that Rodriguez had been "intimately involved" in a drug-trafficking conspiracy that "endangered people in the community."  Balancing these countervailing considerations, the judge settled on a sentence at the low end of the guideline range.

Citing *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), Rodriguez argues that the district court did not respond to his principal argument at sentencing.  How much a judge needs to say, however, depends on the circumstances of the case.  *United States v. Miranda*, 505 F.3d 785, 796 (7th Cir. 2007).  So long as the record shows that the court heard and considered the argument, "it matters little" that its response is brief, *United States v. Williams*, No. 09-3174, 2010 WL 3035483, at *8 (7th Cir. Aug. 5, 2010), or merely implicit, *United States v. Poetz*, 582 F.3d 835, 839 (7th Cir. 2009).  And then there are some "stock arguments" that the district court need not—indeed ought not—respond to at all. *United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010).

We think that the district court here said more than enough in sentencing Rodriguez. In essence Rodriguez argued that, because he had no criminal background, had accepted responsibility for his behavior, and had accumulated some accomplishments since being arrested, he should have been sentenced to a term of supervised release rather than a prison term.  During the sentencing colloquy the district court recognized that Rodriguez's sparse criminal history "certainly suggests [he] ha[s] not engaged in a life of crime."  And then the court elaborated on this point in its written statement of reasons: "The defendant has a minimal prior record and is remorseful.  He has done well on bond and has maintained

employment."  Thus the record shows that the court heard and considered Rodriguez's primary argument in mitigation.  *See United States v. Pape*, 601 F.3d 743, 747 (7th Cir. 2010) (evaluating both oral pronouncement and written statement to determine whether sentencing explanation was sufficient).  But the court was not obligated to cease its inquiry there; instead it properly focused its attention on the other statutory sentencing factors, observing that Rodriguez was "intimately involved" in a crime that "put[] a lot of people at risk."  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C).  Because the court acknowledged Rodriguez's primary argument in mitigation and then gave meaningful consideration to the statutory sentencing factors, the sentence it imposed, one at the bottom of an accurate guideline range, was reasonable.

Even if the district court had passed over Rodriguez's argument in silence, however, the sentence would still not be unreasonable.  A sentencing court need not address stock arguments that do not meaningfully distinguish the defendant.  *United States v. Hall*, 608 F.3d 340, 347 (7th Cir. 2010).  And Rodriguez's minimal criminal history, *see United States v. Young*, 590 F.3d 467, 474 (7th Cir. 2009), the degree to which he accepted responsibility, *see United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008), and the educational and vocational progress he achieved following his arrest, *see United States v. Paige*, 611 F.3d 397, 398 (7th Cir. 2010), all fall squarely within that category of sentencing arguments that a court may reject without discussion.

For these reasons, the judgment of the district court is AFFIRMED.