NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011
Decided March 31, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3515

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:10-CR-30005-001-DRH |
| | |
| L.A. BAILEY, | David R. Herndon, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

L.A. Bailey pleaded guilty to two counts of distributing crack cocaine. *See* 21 U.S.C. § 841(a)(1). The district court calculated a guidelines imprisonment range of 188 to 235 months and sentenced Bailey, who is 52, to a total of 216 months.

Bailey filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Bailey has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Bailey does not want his guilty pleas vacated, so counsel properly omits any discussion of the adequacy of the plea

colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel cannot point to any procedural error in the district court's calculation of the guidelines imprisonment range. Nor can he identify any reason to disregard the presumption of reasonableness applicable to sentences within the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The district court evaluated the sentencing factors in 18 U.S.C. § 3553(a) and the arguments Bailey offered in mitigation, including his difficult upbringing, his struggles with bipolar disorder and schizophrenia, and the lower risk of recidivism for older defendants. But the court concluded that these mitigating factors were outweighed by Bailey's substantial criminal history and the seriousness of crack-cocaine distribution. We would not conclude that the court abused its discretion in making that assessment, and thus counsel is correct that any challenge to his sentence would be frivolous.

Counsel, who also represented Bailey in the district court, mentions the possibility of raising a claim about his own performance but nowhere identifies a deficiency in the work he did in the district court. In any case, we would not entertain a claim of ineffective assistance on direct appeal where trial and appellate counsel are the same, since a lawyer cannot be "expected to accuse himself of ineffective assistance." *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). Moreover, a claim of ineffective assistance should be presented on collateral review, where the necessary record could be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Bishop*, 629 F.3d 462, 469 (5th Cir. 2010); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.