**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 15, 2015
Decided January 29, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3757

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>PATRICK ARMAND,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 12 CR 400<br><br>James B. Zagel,<br>    *Judge*. |

**O R D E R**

Patrick Armand pleaded guilty to distributing a controlled substance, 21 U.S.C. § 841(a)(1), and was sentenced to 108 months' imprisonment, 3 months above the high end of the guidelines range. He appeals his sentence, contending that the district court misstated the imprisonment range, ignored two of his arguments in mitigation, failed to justify the length of his terms of imprisonment and supervised release or the conditions of supervised release, and imposed conditions of supervised release that have been invalidated by this court. We agree with Armand that he must be resentenced because, as the government concedes, the district court imposed unconstitutionally vague conditions of supervised release and did not justify those discretionary conditions or the length of supervision.

Armand, who is now 40 years old, came to the attention of the DEA in March 2011 when an informant reported that he and others were obtaining drugs in Atlanta, Georgia, and selling them in Chicago. At the direction of DEA agents, the informant bought 117 grams of crack cocaine from Armand in May 2011 and 122 grams of powder cocaine plus 100 pills in February 2012.

Armand was charged with two counts of distribution in violation of § 841(a)(1). While on pretrial release Armand remained employed and provided some financial support to his family, but he also violated the conditions of his release by committing a domestic battery and not telling his pretrial services officer about his arrest for that offense. Armand also violated the conditions of his release by skipping one drug test and testing positive for drug use on other occasions, failing to participate in drug treatment as directed, and not complying with location-monitoring requirements. He pleaded guilty to the count involving his February 2012 distribution of powder cocaine and pills, though as part of his plea agreement he stipulated to the crack distribution alleged in the other, dismissed count. Armand already had a conviction for a felony drug offense, so by agreeing to plead guilty to the count involving powder cocaine he avoided statutory minimums of 10 years' imprisonment and 8 years' supervised release that would have applied to the count involving crack, *see* 21 U.S.C. §§ 841(b)(1)(B)(iii), 851.

A probation officer initially calculated a guidelines imprisonment range of 100 to 125 months using the 2013 guidelines, based on a total offense level of 25 and criminal-history category of V. The parties later agreed that Amendment 782 should apply, *see* U.S.S.G. § 2D1.1, amend. 782, which decreased the total offense level to 23 and the imprisonment range to 84 to 105 months.

Armand agreed with the probation officer's application of the guidelines but requested a prison sentence significantly below the guidelines range. He principally argued that the difference in offense levels for like quantities of powder and crack cocaine is unjust, and he asked the court to impose a sentence as if both of his cocaine sales to the informant had involved powder. If Armand had delivered 117 grams of powder instead of crack in the first sale, his guidelines imprisonment range would have been 37 to 46 months. Armand further argued that a below-range prison term was warranted because of several factors specific to him, including his purported efforts to cooperate with authorities, childhood traumas, the nonviolent character of these drug crimes, his need for mental-health treatment, and the 20 years that had passed since his last arrest *for drug distribution* (counsel downplayed that during those years Armand had

incurred 11 convictions for crimes *unrelated to drugs*, including one conviction for an armed home invasion and two others for crimes involving domestic violence).

The district court accepted the probation officer's revised calculation of an imprisonment range of 84 to 105 months. The judge, although acknowledging his discretion to accept Armand's argument about the difference in offense levels for powder and crack, declined to engage the contention, explaining that "the reason I don't have to address it is . . . there is a Congressional guideline." The court then concluded that Armand's "repetitive pattern of violating the law" and numerous violations of his conditions of pretrial release, which the court said demonstrated a "dangerous disregard for following specific rules" even if "none of the things in and of themselves are particularly serious," justified a prison sentence of 108 months. The court mistakenly characterized that term as being within the guidelines range (perhaps thinking of the probation officer's initial calculation of a range of 100 to 125 months). The court added, though, that the sentence would be the same even with a substantially lower guidelines range because the choice of 108 months reflects the need to protect society from Armand as well as the "the nature of his conduct, his erratic nature, and . . . his age."

The court then imposed a 5-year term of supervised release, subject to "the standard conditions" and 6 special conditions:

> The defendant shall participate in a drug aftercare treatment program which may include urine testing, up to 104 tests per year at the discretion of the probation officer.
>
> The defendant shall participate in a mental health treatment program which may include the use of prescription medications at the discretion of the probation officer.
>
> The defendant shall participate in a program aimed at addressing domestic violence and anger issues.
>
> The defendant shall repay to the United States "Buy Money," in the amount of $8,780, which he received during the investigation of this offense. Payments should be made to the Drug Enforcement Administration.

If the defendant is unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, he shall perform at least 20 hours of community service work per week at the direction of . . . the U.S. Probation Office until gainfully employed.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

On appeal Armand first argues, and the government concedes, that he must be resentenced to resolve issues with the length and conditions of his supervised release. Although Armand did not object to the length or conditions of supervised release at sentencing, the probation officer had not proposed specific conditions in the presentence report, and thus we review the conditions for abuse of discretion. *See United States v. Poulin*, ___ F.3d ___, ___ (7th Cir. 2016); *United States v. Douglas*, 806 F.3d 979, 983 (7th Cir. 2015). And the district court abused its discretion by imposing the conditions without explaining its reasons or applying the sentencing factors required by 18 U.S.C. § 3553(a) and § 3583(d). The court also imposed a 5-year term, rather than the 3-year minimum under 21 U.S.C. § 841(b)(1)(C), without explanation. A few of the standard conditions might have withstood scrutiny if explained adequately, *see United States v. Kappes*, 782 F.3d 828, 848–53 (7th Cir. 2015), but most of them are impermissibly vague or overbroad as noted in several recent opinions, *e.g., United States v. Purham*, 795 F.3d 761, 765–68 (7th Cir. 2015); *United States v. Sandidge*, 784 F.3d 1055, 1067–70 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368, 376–81 (7th Cir. 2015). These errors justify a full resentencing in which the judge may choose to revise the terms of imprisonment and supervised release "given the interplay between the two types of sentencing." *United States v. Sanford*, 806 F.3d 954, 960 (7th Cir. 2015). And although Armand's challenge to the special conditions focuses on the absence of justification for them, we note that the first two (giving the probation officer discretion to decide the number of drug tests and whether or not Armand must take "prescription medications" as part of mental-health treatment) raise questions of improper delegation of the district court's authority. *See United States v. Harvey*, 484 F.3d 453, 458–59 (7th Cir. 2007) (concluding that 18 U.S.C. § 3583(d) requires that sentencing court, not the probation officer, specify number of drug tests); *United States v. Pruden*, 398 F.3d 241, 250–51 (3rd Cir. 2005) (special condition allowing probation officer to direct mental-health treatment constituted "impermissible delegation of judicial authority").

In addition to challenging the length and conditions of supervised release, Armand also contests his 108-month prison sentence. That term should be vacated, he says, because the district court mistakenly thought that 108 months was within the guidelines range, did not try to justify the above-range sentence, and did not address his arguments in mitigation about the crack-to-powder ratio and his efforts to cooperate with the government.

Given that we agree with the parties that a full resentencing is warranted, there is no reason to discuss at length matters, including the district court's slip about the imprisonment range, that won't arise on remand. We note, though, that the court acknowledged, yet explicitly declined to exercise, its discretion to reject the Sentencing Commission's treatment of crack relative to powder cocaine. *See Kimbrough v. United States*, 552 U.S. 85, 110 (2007); *United States v. Scott*, 555 F.3d 605, 610 (7th Cir. 2009); *United States v. House*, 551 F.3d 694, 701 (7th Cir. 2008). And Armand's contention that the court was compelled to expound upon his "cooperation" is frivolous. Not only did his lawyer concede that Armand's information "yielded no new arrest" and wasn't believed by investigators, but a sentencing court has discretion to reject a cooperation argument even when it's substantiated. *See United States v. Leiskunas*, 656 F.3d 732, 737 (7th Cir. 2011).

Armand's sentence is **VACATED**, and the case is **REMANDED** for a full resentencing consistent with this decision.