In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2991

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PATRICK ARMAND,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 CR 400 — **James B. Zagel**, *Judge.*

ARGUED APRIL 19, 2017 — DECIDED MAY 18, 2017

Before BAUER, POSNER, and HAMILTON, *Circuit Judges.*

BAUER, *Circuit Judge.* Patrick Armand pleaded guilty to distributing crack and powder cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 108 months' imprisonment, and a five-year term of supervised release subject to certain special conditions. On appeal we reversed, finding that the district court imposed unconstitutionally vague conditions of

supervised release and failed to justify the discretionary conditions and the length of supervision. We remanded the case for a full resentencing. *See United States v. Armand*, 638 F. App'x 504 (7th Cir. 2016). Armand was resentenced to 104 months' imprisonment and a three-year term of supervised release. He again appeals, contending that the district court committed a host of procedural and substantive errors. For the reasons that follow, we affirm.

## I. BACKGROUND

We assume familiarity with the facts as noted in our earlier order and add only what we consider necessary for resolving the present appeal. Prior to Armand's original sentencing, the probation officer initially calculated a Guidelines range of 100 to 125 months using the 2013 United States Sentencing Commission Guidelines, based on a total offense level of 25 and a criminal-history category of V. However, the parties later agreed that Amendment 782 applied, *see* U.S.S.G. § 2D1.1, amend. 782, which decreased the total offense level to 23 with the Guidelines range of 84 to 105 months.

At his original sentencing hearing, the court accepted the probation officer's revised Guidelines range calculation. Armand acknowledged multiple times during the hearing that the applicable Guidelines range was 84 to 105 months. He contended that the court should depart downward to impose a sentence that would apply if the crack and powder cocaine Guidelines reflected a one-to-one ratio, rather than the eighteen-to-one ratio currently used; the court declined to do so. Ultimately, the court imposed a sentence of 108 months' imprisonment and five years of supervised release.

On remand, the government's resentencing memorandum calculated the Guidelines range as 84 to 105 months based upon the November 2015 Guidelines. Armand's resentencing memorandum did not dispute the applicable Guidelines range, but reiterated his argument regarding the sentencing disparity between crack and powder cocaine. He also raised arguments regarding the length and proposed conditions of his supervised release, an issue he does not raise in this appeal. Finally, he contended that the district court failed to consider mitigating factors, such as his background and mental health issues.

At the resentencing hearing, Armand's counsel reiterated his mitigation arguments, and also contended that his age put him at a lower risk for recidivism. His counsel also highlighted affirmative steps he had taken in prison to improve himself, such as enrolling in classes related to employment, substance abuse, and anger management. Finally, his counsel asked the court to depart downward from the crack cocaine Guidelines due to the disparity with powder cocaine Guidelines. In response, the government challenged the correlation between Armand's long criminal history and his unsubstantiated claim of mental illness. It also rejected his contention that he presented a low risk of recidivism.

The court discussed the sentencing factors set forth in 18 U.S.C. § 3553(a). Specifically, the court addressed Armand's history and characteristics, as well as the need for the sentence imposed to afford adequate deterrence to criminal conduct, promote respect for the law, and provide correctional treatment. Prior to imposing Armand's sentence, the government stated that the applicable Guidelines range was 84 to 105 months, and that Armand's vacated sentence was 108 months.

The court sentenced Armand to 104 months' imprisonment and three years of supervised release, explaining that it was reducing his sentence by a few months in recognition of the effort Armand undertook to improve his life while imprisoned.

The court addressed Armand's mitigation arguments, expressing skepticism that mental health treatment and his age would lower his risk of recidivism. The court also stated that its position on the crack cocaine Guidelines had not changed since the original sentencing hearing, and declined to decrease the ratio. The court then confirmed that the applicable Guidelines range was 84 to 105 months. Armand's counsel acknowledged that the court had addressed all his principal mitigation arguments. The court then entered final judgment, and Armand timely appealed.

## II. DISCUSSION

Armand contends that the district court failed to calculate the advisory Guidelines range and treated the Guidelines as presumptively reasonable. Finally, he argues that the court gave inadequate consideration to his arguments in mitigation. We address each argument in turn.

Because Armand did not object to the claimed error at the sentencing hearing, plain error is the standard of review. To demonstrate plain error, a defendant must show that (1) the court committed error; (2) it was plain; (3) it affected the defendant's "substantial rights"; and (4) the court "should exercise its discretion to correct the error because it seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Durham*, 645 F.3d 883, 890 (7th Cir. 2011) (citation omitted).

The Supreme Court recently set forth the procedure sentencing courts must employ in *Molina-Martinez v. United States*:

> At the outset of the sentencing proceedings, the district court must determine the applicable Guidelines range. To do so, the court considers the presentence report as well as any objections the parties might have. The court then entertains the parties' arguments regarding an appropriate sentence, including whether the sentence should be within the Guidelines range or not. Although the district court has discretion to depart from the Guidelines, the court "must consult those Guidelines and take them into account when sentencing."

136 S. Ct. 1338, 1342 (2016) (citations omitted).

At Armand's original sentencing, the court accepted the probation officer's calculation of Armand's base offense level to be 23 with a criminal history of category V, resulting in a Guidelines range of 84 to 105 months. The court confirmed the parties' agreement with the revised calculation and applicable Guidelines range. Armand acknowledged that the applicable Guidelines range was 84 to 105 months in his sentencing memorandum and multiple times during sentencing.

At resentencing, the court confirmed twice that the parties were still in agreement that the applicable Guidelines range was 84 to 105 months.

The government argues that under these circumstances, there was no need for the court to rehash the calculations set forth in the supplemental PSR, which the parties agreed to during the original sentencing and on remand. We agree. We have held that "the record that was compiled during a prior sentencing hearing is still valid, and the district court at a later sentencing hearing may continue to rely on it." *United States v. Mobley*, 833 F.3d 797, 802 (7th Cir. 2016). The record demonstrates that the parties and the court were in agreement as to the appropriate Guidelines range since December 2014. It is clear that the district judge relied on the record from the previous sentencing hearing, as well as the probation officer's recommendation. Absent an objection from Armand, the court did not err in declining to recalculate the Guidelines.

Seeking to avoid this result, Armand argues that the court also erred by failing to determine the quantity of drugs involved. This argument suffers from the same defect as the previous one. While we have found that sentencing courts must make an explicit drug-quantity finding, we have also held that "a court's adoption of the PSR findings would be enough to satisfy us that the district court rendered a specific determination of the amount of drugs involved." *United States v. Claybrooks*, 729 F.3d 699, 706 (7th Cir. 2013) (citation omitted).

Here, during Armand's original sentencing the court accepted the probation officer's revised calculation. As discussed above, neither party challenged this finding at any point. The court was entitled to rely upon the record established at the original sentencing regarding the applicable Guidelines range.

Armand next argues that the district court erred by treating the Sentencing Guidelines as presumptively reasonable. A district court "may not presume that a within-Guidelines sentence is reasonable." *United States v. Johnson*, 635 F.3d 983, 988 (7th Cir. 2011) (citation omitted). To guard against this presumption, a reviewing court "must be able to infer that the court, in exercising its discretion, determined that the sentence conformed with the parsimony principle of § 3553(a)[.]" We have held that "when statements made during sentencing call into question whether the district court appreciated the advisory nature of the Guidelines, we can resolve doubts in favor of the court when its application of the § 3553(a) factors assures us that the sentence was imposed in conformity with the parsimony clause." *Id*.

Armand relies on two comments made by the court as evidence of an improper presumption of reasonableness. First, the court confirmed the applicable Guidelines range was 84 to 105 months just before it sentenced Armand to a within-Guidelines range sentence of 104 months' imprisonment. Secondly, the court referenced making a slight adjustment to Armand's sentence on remand based on the relevant "bracket" of time. Armand contends that these stray remarks are evidence that the court treated the Guidelines range as presumptively reasonable. We do not agree.

The Supreme Court has told sentencing courts that while they may not presume that the Guidelines range is reasonable, "the Guidelines should be the starting point and the initial benchmark" when calculating a term of imprisonment. *Gall v. United States*, 552 U.S. 38, 49 (2007). We view the sentencing court's comments as simply establishing the initial benchmark

before imposing a sentenced tailored to Armand. We are confident that the court tailored its sentence to Armand's specific circumstances based on its discussion of the § 3553(a) factors. The court discussed Armand's history and characteristics, as well as the need for the sentence imposed to afford adequate deterrence to criminal conduct, promote respect for the law, and provide correctional treatment. This discussion is sufficient to comply with the parsimony provision, and to demonstrate that the court did not presume the Guidelines range reasonable.

Briefly, we address Armand's related argument that the court did not discuss sufficiently the § 3553(a) factors. We have found that "[i]t is simply not required that the sentencing judge tick off every possible sentencing factor … to find that the sentence was proper." *United States v. Collins*, 640 F.3d 265, 271 (7th Cir. 2011) (citation omitted). "Indeed, sentencing judges must only demonstrate meaningful consideration of § 3553(a) factors." *United States v. Paige*, 611 F.3d 397, 398 (7th Cir. 2010) (citation omitted). Based on the foregoing discussion, we conclude that the court has shown a "meaningful consideration" of the sentencing factors.

Armand's final procedural argument is that the court failed to give meaningful consideration to his arguments in mitigation of his sentence. Specifically, he contends that his age and intensive mental health treatment would reduce his risk of recidivism. The government counters that Armand has waived this argument on appeal. We agree.

A district court must consider all of a defendant's principal, non-frivolous arguments in sentencing. *United States v. Rosales*,

813 F.3d 634, 637 (7th Cir. 2016). We encourage sentencing courts to ask defense counsel whether he or she is satisfied that the court has adequately addressed the main arguments in mitigation and that if counsel replies in the affirmative, a contention on appeal that the district court failed to address a principal argument in mitigation would be deemed waived. In this case, the district court followed this practice, and Armand's counsel replied in the affirmative.

Finding the court's sentencing procedures sound, we turn to the substantive reasonableness of Armand's sentence. We can dispense with these arguments in short order. Armand essentially recycles his procedural arguments, contending that the district court failed to consider both his principal mitigation arguments and the § 3553(a) sentencing factors. We have already concluded that Armand waived his first argument, and we rejected his second argument. We are entitled to presume Armand's sentence within the Guidelines range is reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). Armand has not offered any persuasive justification to disrupt that presumption. *See, e.g.*, *United States v. Campos*, 541 F.3d 735, 750–51 (7th Cir. 2008) (citation omitted). Therefore, we find that Armand's sentence is substantively reasonable.

## III. CONCLUSION

We AFFIRM Armand's sentence.