NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 16, 2018
Decided March 20, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2309

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:16-CR-30024-DRH-6 |
| RODNEY BERNOID SMITH, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

Armed with a gun, Rodney Bernoid Smith helped deliver 120 kilograms of cocaine from Texas to Illinois as part of a drug conspiracy. He pleaded guilty to possessing cocaine with an intent to distribute it, 21 U.S.C. § 841(a)(1), (b)(1)(a), and conspiring to distribute cocaine, *id.* § 846. A presentence investigation report set Smith's base offense level at 34, based on 120 kilograms of cocaine that law enforcement attributed to him, U.S.S.G. § 2D1.1(a)(5), (c). The report adjusted the level up to 36 because he possessed a gun during the crime, *id.* § 2D1.1(b)(1), and then deducted three levels because Smith accepted responsibility for his crime, *id.* § 3E1.1(a), (b). With these adjustments, the report arrived at an offense level of 33 and a criminal-history score of one (based on one prior conviction), *id.* § 4A1.1(c). Adopting that report (to which Smith did not object), the district court calculated a sentencing guidelines range of 135 to 168

months in prison. The court sentenced Smith to a within-guidelines term of 147 months' imprisonment and 5 years of supervised release.

Smith now appeals, but his appointed attorney has moved to withdraw his representation under *Anders v. California*, 386 U.S. 738 (1967). Smith has not responded to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because counsel's brief appears thorough, we limit our review to the potential issues that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel reports that he consulted with Smith and confirmed that he does not want to withdraw his guilty plea; thus, counsel rightly refrains from further exploring whether the plea was knowing and voluntary. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Smith's attorney first considers whether the district court committed any procedural errors at sentencing. He first assesses whether the district court erred in calculating the offense level. *See United States v. Young*, 863 F.3d 685, 688 (7th Cir. 2017). Because Smith did not challenge the 120 kilograms of cocaine used to calculate his base offense level, we would review any appellate challenge to that quantity for plain error. *United States v. Hernandez*, 731 F.3d 666, 672 (7th Cir. 2013). But a plain-error challenge would be pointless because counsel sees nothing in the record that undercuts law enforcement's attribution of this drug quantity to him, nor do we. Smith stipulated to possessing a dangerous weapon during the crime, so his two-level increase for that possession is insulated from appellate review. Thus, counsel rightly concludes that an argument challenging the offense level in the guidelines calculation would be pointless.

Counsel next contemplates whether the district judge procedurally erred in failing to consider any principal arguments in mitigation. *See United States v. Armand*, 856 F.3d 1142, 1146 (7th Cir. 2017) (acknowledging district court must consider all nonfrivolous, principal arguments at sentencing). The judge expressly discussed Smith's argument about his strong employment history, minimal criminal record, and his kind, responsible attitude toward family and friends. But in fashioning the sentence, the district court found it more compelling that Smith carried a gun during the offense and threatened his girlfriend with a gun while out on bond before pleading guilty. The district judge adequately addressed the arguments in mitigation, so counsel correctly concludes that an argument contending otherwise would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.