┌─────────────────────────────────────────────┐
│          **NONPRECEDENTIAL DISPOSITION**          │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2018
Decided May 4, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1186

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 17-CR-30113-MJR |
| GEOVANY CALDERON-OSORIO, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

## O R D E R

Geovany Calderon-Osorio sold methamphetamine to confidential informants in southern Illinois on several occasions over the course of seven months. While the police built a case against him by arranging the controlled buys, Calderon-Osorio had other run-ins with the law. He was unlucky enough to have a car accident after which witnesses observed him throwing items into a wooded area before the police arrived at the scene. The witnesses told police officers, who recovered his loot—methamphetamine—from the woods, in addition to one bag of methamphetamine that had not made it past the ground outside the passenger-side door. On another occasion police officers stopped Calderon-Osorio's car, and one officer detected a strong marijuana odor and observed marijuana debris on Calderon-Osorio's shirt. A search

uncovered both marijuana and cocaine. Further, Calderon-Osorio's cell phone and social media posts had photographs of him with firearms, large amounts of cash, and drugs. Calderon-Osorio was then charged by indictment with two counts of possessing with an intent to distribute methamphetamine and a cocaine mixture, 21 U.S.C. § 841(a)(1), (b)(1), and five counts of distributing methamphetamine, *id*.

Without the benefit of a plea agreement, Calderon-Osorio pleaded guilty to all the charges. A presentence investigation report set his base offense level at 32, based on 5,348 kilograms of marijuana equivalency units that law enforcement attributed to him, U.S.S.G. § 2D1.1(c)(4). The report recommended a two-level adjustment because Calderon-Osorio possessed a gun while committing his crimes, *id.* § 2D1.1(b)(1), and then deducted three levels for acceptance of responsibility, *id.* § 3E1.1(a), (b). With these adjustments, the report arrived at a recommended offense level of 31 and a criminal-history category of V, *id.* § 4A1.1(c). The district court adopted the report without objection from Calderon-Osorio, calculated a sentencing guidelines range of 135 to 168 months' imprisonment, and imposed a 144-month term. The judge rejected Calderon-Osorio's argument that the methamphetamine guideline artificially inflates sentences for trafficking that drug. The judge observed that highly pure methamphetamine like Calderon-Osorio's (84%) is more addictive than heroine, and that, in his experience, methamphetamine was getting purer and purer over time.

Calderon-Osorio now appeals, but his appointed attorney moves to withdraw his representation under *Anders v. California*, 386 U.S. 738 (1967). Calderon-Osorio has not responded to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because counsel's brief appears thorough, we limit our review to the potential issues that are discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel reports that because Calderon-Osorio "does not wish to withdraw his guilty plea" he does not discuss a challenge to whether the plea was knowing and voluntary. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). This is appropriate if the lawyer has informed the client of the risks and benefits challenging the plea and the client says he does not wish to withdraw the plea. *Konczak*, 683 F.3d at 349. Counsel, however, does not say whether he advised Calderon-Osorio on this point. Nonetheless, we can grant an *Anders* request if we review the plea colloquy and determine that any challenge to the plea would be frivolous. *See id.*

A challenge to the plea would be pointless for Calderon-Osorio because the magistrate judge, who took the plea and then recommended that the district judge accept it, complied with Federal Rule of Criminal Procedure 11 and ensured that the plea was voluntary. The magistrate judge properly informed Calderon-Osorio of the nature of the charge, the possible penalties, the right to trial that he was forfeiting, and the importance of the sentencing guidelines. FED. R. CRIM. P. 11(b). He also determined that the parties' stipulation of facts provided an adequate factual basis and that the plea was not a result of force, threats, or promises. *See id.*

Calderon-Osorio's attorney next considers whether the district court committed any procedural errors at sentencing. He first assesses whether the district court erred in calculating the offense level. *See United States v. Young*, 863 F.3d 685, 688 (7th Cir. 2017). Calderon-Osorio did not challenge the 5,348 kilograms of marijuana equivalency units used to calculate his base offense level; counsel correctly checks the district court's math and sees no potential error, nor do we. Further, we would not even reach a drug-quantity argument because it is waived. Calderon-Osorio expressly agreed that the PSR was "all true, correct, and accurate," and stated that he had no objections. *See United States v. Garcia*, 580 F.3d 528, 542 (7th Cir. 2009) (failure to object to PSR can waive a drug-quantity argument where defendant "had access to the PSR, knew of his right to object, considered objecting to portions of the PSR other than the one he now challenges, and stated on the record that he did not have any further objections when asked by the district court."). Further, counsel can think of no basis on which to undermine the finding that Calderon-Osorio possessed firearms in connection with his offenses, *see* U.S.S.G. § 2D1.1 cmt. n.11— he even discussed selling a gun and drugs to the confidential informant in the same conversation. Again, we agree.

Counsel further contemplates whether the district judge procedurally erred in failing to consider any principal arguments in mitigation. *See United States v. Armand*, 856 F.3d 1142, 1146 (7th Cir. 2017) (acknowledging district court must consider all nonfrivolous, principal arguments at sentencing). But the judge discussed Calderon-Osorio's argument about the purported flaw in the methamphetamine guideline and rejected it. The judge also listed another half-dozen mitigating arguments, which he later addressed in his explanation of the sentence. Counsel correctly concludes that an argument contending otherwise would be frivolous.

Inquiring whether the district judge might have erred in linking Calderon-Osorio's conduct to the broader harm resulting from methamphetamine and in

discussing information outside the record (the judge's observations about addictiveness), counsel rightly concludes that those arguments are forfeited. And we would not find plain error resulting from the judge's explanation of why he disagreed with the defendant's mitigating argument; the discussion "does not call into question the fairness, integrity, or public reputation of the proceeding." *United States v. Lewis*, 823 F.3d 1075, 1084 (7th Cir. 2016). Moreover, the judge did not select a sentence based on this rationale alone.

Finally, counsel evaluates whether Calderon-Osorio could challenge the reasonableness of his sentence. We agree with counsel that this challenge would be frivolous. On appeal we presume that a within-guidelines sentence is reasonable, *United States v. Cunningham*, 883 F.3d 690, 701 (7th Cir. 2018), and counsel finds nothing in the record to rebut that presumption here. Furthermore, the district judge took into account the aggravating and mitigating factors in weighing the 3553(a) factors, and Calderon-Osorio expressly waived "any further amplification of the 3553(a) factors."

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.