**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2018
Decided August 21, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-2602

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 03-CR-10110-001 |
| JORDAN A. WILLIAMS, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

In this appeal, Jordan Williams seeks to challenge the revocation of his supervised release. His attorney has moved to withdraw from the appeal, arguing that it is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). We agree, grant the motion to withdraw, and dismiss the appeal.

Williams is serving a sentence for sex-solicitation and pornography crimes. He was charged with befriending underage boys on the internet, meeting them for sexual encounters, and possessing images of child pornography. He pleaded guilty to enticing a minor to engage in sex in violation of 18 U.S.C. § 2422(b), and to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In 2005, the district judge sentenced him to 69 months' imprisonment and a lifetime of supervised release. In 2008,

Williams was released from prison and lived on supervised release for almost ten years. Williams performed well on supervision while in Illinois, but later moved to Kansas where he violated his release conditions.

In 2017, the government sought revocation, *see* 18 U.S.C. § 3583(e)(3), on five grounds: (1) failure to comply with the Kansas Sex Offender Registration Act, as Williams had not disclosed an email address that he used to meet other men on social media; (2) failure to participate in sex-offender treatment, as Williams had been discharged from treatment for using a phone to exchange photos and find sexual partners; (3) failure to install filtering software on a cell phone with internet capabilities; (4) failure to submit a truthful monthly report to the U.S. Probation Office, because Williams again had not disclosed his email address; and (5) drinking alcohol.

After Williams admitted these violations, the district judge revoked his supervised release. The judge imposed two concurrent terms of 16 months in prison— above the advisory range of 4 to 10 months—and two concurrent 10-year terms of supervised release.

During the hearing on sentencing after revocation, the court drafted and then imposed a condition of supervised release that restricts Williams's sexual activity. The discharge summary from the sex-offender treatment group indicated that since moving to Kansas in early 2016 Williams had engaged in sexual intercourse with numerous different partners. The government observed that Williams had disclosed in 2013 that he was HIV positive. The judge replied that he was "very troubled" that Williams might "engage in unprotected sex with people who have not been put on notice that he is … HIV positive." Williams's attorney responded that Williams's medical treatment leaves an "extremely low chance" of transmitting the virus and that Williams's on-line dating applications allow him to disclose his HIV status. Nevertheless, the judge determined that a new condition of supervised release was necessary. The judge told Williams that, even if he felt confident in his medical treatment, "you had to know that there was at least a minimal risk; and it seems to me that, because of the seriousness of HIV, you had a duty to let [sexual partners] know." Because there was an "elevated chance … in the future" of Williams having unprotected sex without disclosing his HIV status, the judge required him to use protection or disclose his status to his sexual partner. After consulting with the parties' counsel, including Williams participating in the discussion through a note to his lawyer, the district judge added the new supervised release condition, which states: "The Dft shall not engage in oral/anal/vaginal sex with any person unless he uses protected sex or informs his partner of his medical status."

In moving to withdraw, appellate counsel has submitted briefs explaining the nature of the case and addressing the potential issues that an appeal of this case might involve. Williams opposes counsel's motion. *See* C IR. R. 51(b). Because counsel's analysis appears thorough, we limit our review to the subjects that counsel discusses and the issues that Williams believes have merit. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

First, counsel and Williams both consider whether he plausibly can argue that the district judge erred when he decided to revoke Williams's term of supervised release. Williams focuses on whether sufficient evidence showed that he had committed the five charged violations. He also asserts that the judge violated Federal Rule of Criminal Procedure 32.1(b)(2), because the judge did not receive the evidence supporting the government's allegations or hold an evidentiary hearing. But at the hearing Williams stated he had reviewed the revocation petition, he admitted the violations, and he waived his right to an evidentiary hearing concerning these violations. He has not challenged the voluntariness of his admission nor stated that he wishes to withdraw it; thus, he cannot reasonably challenge the admissions upon which he based his plea. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel also correctly concludes that it would be frivolous to challenge the 16-month term of reimprisonment, which was within the statutory range but 6 months higher than the Guidelines range. The district judge correctly calculated the recommended range, considered Williams's arguments in mitigation, and discussed the sentence's relationship to the factors in § 3553(a). *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Williams objects that the judge did not adequately explain the sentence or specify why he rejected defense counsel's request to limit the sentence to time served. But the judge is not required to address each specific argument, as long as he meaningfully considered the principal contentions and acknowledged the statutory sentencing factors. *United States v. Paige*, 611 F.3d 397, 398 (7th Cir. 2010). The judge did this. He discussed defense counsel's sentencing arguments and then explained that he was concerned that Williams's past conduct on release (consisting of the five violations) suggested that he might try again to "manipulate the conditions of [his] supervision." The judge also touched briefly on Williams's history and characteristics, the seriousness of the offense (child enticement), and concern for the public. It would be pointless to argue that the judge did not adequately justify the sentence, consider counsel's presentation, or acknowledge the statutory sentencing factors.

Next, we turn to the conditions of supervised release. In his Rule 51(b) response, Williams challenges the condition requiring him to use protection during sex or to disclose to his partners his "medical status." Williams contends this condition is not

reasonably related to his offense and is vague. Counsel considers these potential arguments too, but correctly concludes that a challenge would be frivolous because trial counsel waived any objection to this condition. First, Williams' trial counsel told the court that there was "not anything unreasonable" about the proposed condition and that it would "satisfy any concern that the Court would have" about protecting the public from the spread of HIV. Second, counsel proposed alternative language for this condition, and the court adopted counsel's proposal. Third, when the judge twice stated that neither party objected to the proposed conditions of release, "including the additional provision" regarding Williams's HIV-status, trial counsel never disagreed. We do not see what more the judge could have done to elicit an objection from trial counsel, if counsel had one. Because the judge asked several times for counsel's input regarding this specific condition, and then stated that he understood counsel to have no objection and counsel did not disagree, any potential challenge on appeal is waived. *See United States v. Lewis*, 823 F.3d 1075, 1083 (7th Cir. 2016).

Williams objects to the other conditions of supervised release as well. But these conditions were disclosed before the hearing in the probation officer's violation memorandum. The judge specifically asked whether counsel had objections to those conditions, and counsel said no. Accordingly, Williams has waived these arguments. *See Lewis*, 823 F.3d at 1083.

Finally, Williams has questioned whether a conflict of interest may affect appellate counsel's ability to review the district-court proceedings. After review of Williams' arguments, we are satisfied that no conflict exists. In 2013, appellate counsel was sued by a former client, and she was represented by attorney Ronald Hanna, then in private practice. That representation and the civil suit ended, and Hanna later joined the United States Attorney's Office, where he represented the government in Williams's revocation hearing. The United States District Court for the Central District of Illinois has adopted the Illinois Professional Rules of Conduct, *see* Local Civ. R. 83.6(D), which state in relevant part that an attorney has a conflict of interest if there is a significant risk that the representation of a current client "will be materially limited … by a personal interest of the lawyer," IL RPC 1.7(a)(2). Counsel has explained that she did not personally retain or pay Hanna, because the lawsuit was based solely on her government employment; that the representation lasted only six months and ended almost five years ago; and that Hanna has not represented her in any other matters. There is no direct conflict between that previous lawsuit and Williams's appeal, and we agree that there is no indication that counsel has a "personal interest" in Hanna that would materially limit her representation of Williams.

For these reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.