NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2018
Decided October 23, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-2782

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16-CR-175-1 |
| QUINNON ANTONIO MITCHELL, *Defendant-Appellant*. | Virginia M. Kendall, *Judge*. |

## O R D E R

In late 2015, Quinnon Mitchell got a call from a friend who asked to buy over 60 grams of crack cocaine. Mitchell had only powder cocaine at the time, but quickly found someone to cook down his inventory. He soon completed the sale: Mitchell pocketed $3,000 cash, and his friend walked away with 63 grams of crack. Not long afterwards, he sold his friend an additional 62 grams for another $3,000, but unfortunately for Mitchell, his friend was an informant. Mitchell was arrested and pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1). The district court sentenced him to 71 months' imprisonment. Mitchell filed a notice of appeal, but his appointed counsel believes that Mitchell can make no nonfrivolous arguments and moves to withdraw. *Anders v. California*, 386 U.S. 738 (1967). Mitchell has not responded to counsel's motion.

See CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough, we limit our review to the subjects that counsel discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel begins by discussing four omissions in the Rule 11 plea colloquy but correctly concludes that they would be frivolous bases on which to contest the voluntariness of Mitchell's plea. Counsel's inquiry is appropriate because he consulted with Mitchell, and Mitchell asked counsel to challenge his guilty plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). But because Mitchell did not move to withdraw his plea in the district court, we would review only for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013).

Counsel first notes that the district court did not inform Mitchell of the government's right to use his statements against him in a prosecution for perjury, FED. R. CRIM. P. 11(b)(1)(A). But we agree that it would be pointless to assert this error on appeal because there is no current or prospective prosecution for perjury. *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Second, the district court did not inform Mitchell of his right to persist in his plea of not guilty, FED. R. CRIM. P. 11(b)(1)(B). But an appeal of that error would go nowhere: Mitchell already had pleaded not guilty and was at the hearing to change his plea. See *United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002). Third, the district court failed to mention that Mitchell had a right to counsel, FED. R. CRIM. P. 11(b)(1)(D), but that error would also be harmless if challenged, because Mitchell had counsel at the plea colloquy and the court repeatedly mentioned counsel's role at trial. See *United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). Finally, the district court did not fully explain the nature of the charge Mitchell faced, FED. R. CRIM. P. 11(b)(1)(G). That oversight, too, would be frivolous to raise on appeal: his plea agreement described the charge in detail, and he informed the district court that he had read and understood the agreement. See *United States v. Adams*, 746 F.3d 734, 746–47 (7th Cir. 2014). In sum, it would be frivolous to argue that Mitchell was prejudiced by any of the district judge's omissions. *United States v. Dyer*, 892 F.3d 910, 914 (7th Cir. 2018); FED. R. CRIM. P. 11(h).

Counsel next considers Mitchell's potential sentencing arguments and rightly concludes that each would be frivolous. It would be pointless to challenge the district court's guidelines calculation, which reached an offense level of 23 based solely on drug quantity, criminal history, and acceptance of responsibility, and which Mitchell agreed was correct. His resulting 71-month sentence was within the guidelines range, and we

agree with counsel that there is no basis to rebut the presumption that the sentence is reasonable. See *United States v. Armand*, 856 F.3d 1142, 1146–47 (7th Cir. 2017).

Counsel also considers and rejects the possible argument that the judge violated Mitchell's due-process rights by sentencing him based on an untrue statement. We agree this argument would be frivolous but disagree with counsel about why: counsel thinks it is meritless because the court did not rely on the purportedly untrue statement, but we do not think any such statement even exists. While discussing Mitchell's criminal history, the district court said that "this conviction" occurred while Mitchell was "on parole and on electronic monitoring for the last one." Counsel believes that the district court asserted, in error, that Mitchell distributed crack cocaine while on parole. But in context, "this conviction" refers to an earlier conviction for illegal possession of a firearm, which *did* occur while he was on parole and electronic monitoring—a fact the government specifically highlighted in its sentencing argument. Indeed, the district court clarified the potential ambiguity just after referring to "this conviction." We therefore agree with counsel that it would be frivolous to argue that the district court's statement was plain error, the applicable standard given that Mitchell did not object. See *United States v. Chatman*, 805 F.3d 840, 843 (7th Cir. 2015).

We also agree with counsel that there is nothing to discuss regarding Mitchell's supervised release. The statutory minimum is four years, see 21 U.S.C. § 841(b)(1)(B), and that is what Mitchell received. Moreover, counsel is correct that Mitchell waived his right to appeal his supervised-release conditions by not objecting to them when the district judge expressly invited him to do so. See *United States v. Lewis*, 823 F.3d 1075, 1083 (7th Cir. 2016).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.