**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2022
Decided October 18, 2022

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 22-1453

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:19-cr-181-PP |
| BRANDON I. SMITH, *Defendant-Appellant*. | Pamela Pepper, *Chief Judge*. |

**O R D E R**

Shortly after being released from state prison in Wisconsin, Brandon Smith robbed a gas station while brandishing a weapon and also attempted to rob a convenience store. He later pleaded guilty to Hobbs Act robbery, 18 U.S.C. §§ 1951(a), 1952; attempted robbery, *id.* §§ 1951(a), 1952(a); and brandishing a firearm in relation to a crime of violence, *id.* § 924(c)(1)(A)(ii). The district court sentenced him to 132 months' imprisonment and three years' supervised release. Smith appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw.

*See Anders v. California*, 386 U.S. 738, 744 (1967). Though counsel provided only the transcript of the change-of-plea hearing, the sentencing transcript is in the record, and counsel plainly consulted it. Counsel's analysis appears thorough. And because the brief explains the nature of the case and addresses the issues that a case of this kind might be expected to involve, and Smith did not propose others, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

After Smith pleaded guilty to three counts of the indictment, the probation office submitted a presentence investigation report (PSR) that calculated the sentencing options. Under the Sentencing Guidelines for the robbery and attempted robbery, a total offense level of 23 included a five-level increase under U.S.S.G. § 2B3.1(b)(2)(C) for brandishing a firearm in connection with the attempted robbery and a three-level reduction under § 3E1.1(a)–(b) for accepting responsibility. Smith's ten criminal-history points placed him in Category V. This yielded a guidelines range of 84 to 105 months' imprisonment for the robbery and attempt; the § 924(c) conviction carried a mandatory consecutive sentence of at least seven years. 18 U.S.C. § 924(c)(1)(A)(ii), (c)(1)(D)(ii). The total effective sentencing range was thus 168 to 189 months. Smith did not object to the calculations in the PSR but argued in his sentencing memorandum that the sentence should be no longer than 120 months total to achieve parity with a co-defendant and avoid imposing cumulative or excessive punishment for brandishing the firearm.

At the sentencing hearing, counsel for Smith again confirmed that the guidelines ranges were calculated accurately. Smith's counsel argued that Smith was not more culpable than his co-defendant, so their sentences should be similar, and that Smith's acceptance of responsibility was not diminished by having filed a notice of alibi. The government recommended a sentence of 168 months, arguing that Smith's involvement in the robberies was greater than his co-defendant's and that Smith's history and characteristics warranted a higher sentence.

After weighing the sentencing factors under 18 U.S.C. § 3553(a), including adequate deterrence, the seriousness of the offense, and Smith's personal and employment history, the district court imposed a below-guidelines sentence of 59 months for the robberies and a consecutive 84 months for the § 924(c) count.[1] The

---

[1] The sentencing hearing was held before Chief Judge Pamela Pepper. Judge J.P. Stadtmueller is incorrectly noted as the sentencing judge in the transcript of the sentencing hearing.

court then reduced the 59 months to 48 months to account for time Smith spent in state custody for the same underlying conduct after his federal indictment in October 2019 and before a federal detainer was filed in September 2020. Smith's prison sentence totaled 132 months.

The court also adopted the PSR's calculation of the supervised-release ranges. The maximum term for each robbery count was three years, *see* 18 U.S.C. § 3583(b)(2), and under U.S.C. § 3583(b)(1), the conviction under § 924(c) carried a maximum of five years. Under 18 U.S.C. § 3624(e), multiple terms of supervision must run concurrently. The court imposed three concurrent terms of three years each, for a total of three years' supervision. Smith did not object to the term or conditions of supervised release.

Counsel begins by addressing whether Smith could challenge his guilty pleas. Counsel neglects to say whether he consulted with Smith about the risks and benefits of raising such a challenge on appeal. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Despite this omission, our review of the record and the information in counsel's brief assures us that a challenge to Smith's guilty plea would be frivolous. *See Konczak*, 683 F.3d at 349–50. Because Smith did not move to withdraw his plea in the district court, we would review the acceptance of the plea only for plain error. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The transcript of the plea colloquy shows that the district court substantially complied with the requirements of Federal Rule of Criminal Procedure 11. *See id.* The district court meticulously explained to Smith the trial rights he was waiving, the maximum and minimum penalties, and the role of the Sentencing Guidelines in determining the sentence. FED. R. CRIM. P. 11(b)(1). The court further ensured that Smith's plea was supported by an adequate factual basis and entered knowingly and voluntarily. *See id.* at 11(b)(2)–(3).

Counsel next considers whether Smith could raise nonfrivolous arguments about his sentence. Although counsel does not discuss potential procedural errors, our review reveals none. The district court adopted the properly calculated guidelines and statutory sentencing ranges in the PSR, for both the prison and supervised-release terms. No other potential procedural errors were preserved with an objection or are evident from the record. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

As for whether the sentence is substantively reasonable, we agree with counsel that raising a challenge would be futile. We would presume that the below-guidelines sentence for the robbery counts is not unreasonably long. *See Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Bonk*, 967 F.3d 643, 650 (7th Cir. 2020). Nothing

in the record could rebut this presumption. The court explained the sentences with reference to the factors listed in 18 U.S.C. § 3553(a) when it discussed the circumstances of the offense (including that the crimes took place "just a little over a week after [Smith] had gotten out of prison"), Smith's history and characteristics (such as how Smith has "very little history of employment"), the need for the sentence to reflect the seriousness of the offenses and protect the public from further crimes, and the need to avoid unwarranted sentence disparities between Smith and his co-defendant. *See United States v. Paige*, 611 F.3d 397, 398 (7th Cir. 2010).

Counsel next notes that after sentencing, Smith wrote to the court and stated that his credit for pretrial incarceration had been improperly calculated. But after sentencing, the Attorney General, acting through the Bureau of Prisons, is responsible for computing the credit for time served under § 3585(b), so this would not provide a nonfrivolous ground for appeal. *See United States v. Wilson*, 503 U.S. 329, 331, 334 (1992); *United States v. Walker*, 917 F.3d 989, 993 (7th Cir. 2019).

Finally, counsel correctly concludes that a challenge based on ineffective assistance of counsel would be frivolous on direct appeal. Counsel represented Smith at sentencing and would be in no position to challenge his own performance. *See United States v. Bailey*, 417 F. App'x 556, 557 (7th Cir. 2011). Further, such arguments generally should be reserved for collateral review, when the defendant may develop a full record. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.